Galizia et al., Appellants, *v.* McKim.

Argued April 11, 1967. Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN,
and SPAULDING, JJ.

*Irwin B. Wedner,* with him *T. Robert Brennan,* and
*Brennan & Brennan,* for appellants.

*Harry W. Miller,* with him *Royston, Robb, Leonard,
Edgecombe, Miller & Shorall,* for appellee.

146

Opinion by Jacobs, J., June 16, 1967:

This case is an intersection accident which arose out of a collision between an automobile driven by Martha Galizia and one driven by Jennie M. McKim. The accident occurred in Allegheny County at the intersection of Route 19 and Freedom-Mars Road on October 2, 1960. Route 19 is a four lane divided highway with a twenty foot medial strip and runs in a generally north-south direction and the Freedom-Mars Road is a two lane highway running in a generally east-west direction. The accident occurred on a Sunday morning between 9 and 10 o'clock. Mrs. Galizia was proceeding in an easterly direction on Freedom-Mars Road with three of her minor children and a neighbor child in her automobile. Miss McKim was proceeding in a northerly direction on the right-hand side of Route 19 and was unaccompanied. According to Mrs. Galizia's version of what happened, she stopped at the stop sign on the west side of Route 19, then proceeded into the medial strip and stopped again. At that point she looked to her left and to her right and saw nothing coming. She then started across the northbound lanes of Route 19 and was struck on the right front fender of her automobile by Miss McKim just as her two front wheels were completely off Route 19. Miss McKim testified that she was traveling north on the right side of Route 19 and when close to the intersection, about thirty feet away, saw Mrs. Galizia in the south lane of Route 19 in the act of crossing that lane but west of the medial strip. She looked to her right to see if anything was coming, looked again to the left and by that time Mrs. Galizia had crossed the medial strip and the left-hand lane of the northbound lanes on Route 19 and was immediately in front of her. Mrs. Galizia was injured as were her two minor children, Joseph V. Galizia and Rosalie Jean Galizia.

A suit was begun against Miss McKim by the Galizias in which Martha Galizia sought to recover for her personal injuries, the minors, Joseph V. Galizia and Rosalie Jean Galizia, sought to recover for their personal injuries, and Eugene V. Galizia, the husband and father, asked for his loss occasioned by his wife's injuries, the damages to the car which he owned, and the injuries to his two minor children. Miss McKim then joined Martha Galizia as an additional defendant in the suit begun by the Galizias and brought separate action against Martha Galizia for her own injuries and damages. All suits were consolidated for trial and resulted in the following verdicts against both defendants: A verdict in favor of the minor, Joseph V. Galizia, in the amount of $1500; a verdict in favor of the minor, Rosalie Jean Galizia, in the amount of $115; and a verdict in favor of Eugene V. Galizia in the amount of $1,755.15 for the loss of his car and the minors' expenses. In the action of Martha Galizia against Jennie M. McKim a verdict was entered for the defendant, and by agreement of counsel a nonsuit was granted in the action of Jennie M. McKim against Martha Galizia. Motions for new trials were filed on behalf of all the Galizias, and a motion for judgment n.o.v. was filed by Miss McKim. The motions for new trials and judgment n.o.v. were refused by the court below and judgments entered on the verdicts. The Galizias have appealed and ask for new trials.

I.

Appellants contend that the trial judge in his charge incorrectly stated certain facts.

The argument of appellants that in its charge the lower court excluded the positions of the cars prior to the accident from the jury's consideration is factually incorrect. The jury was told that it was its task

to determine just how the accident happened. The judge then reviewed the testimony of each side and applied the law to each set of facts. He recounted appellants' testimony to support their contention that Miss McKim had pulled out from the corner gasoline station and told the jury that if it found the accident happened that way it was solely Miss McKim's fault.[1] In regard to the position of their own car appellants object to the judge's statement in his charge that "She (Mrs. Galizia) proceeded to cross the northbound lane of Route 19 at that point and when the front wheels were across, just across, she was hit by Miss McKim's car." It is hard to visualize what else the judge could have said because he repeated Mrs. Galizia's testimony almost verbatim. She testified at p. 88(a) of the printed record: "I continued to cross the next two lanes of traffic. I started off 19. My front two wheels were completely off 19, and the next thing I knew there was a thump and that is all I remember." This was certainly not a misstatement of the facts. Appellants had ample opportunity to object to the court's recital of the facts at trial but did not do so. They must now rely on their general exception to the charge and we could only grant a new trial for basic and fundamental error which obviously did not exist here. *Giannone v. Reale,* 333 Pa. 21, 3 A. 2d 331 (1939).

## II.

Appellants claim that the court's charge had an overall effect which minimized and ridiculed their case and created an atmosphere of partiality preventing them from receiving fair trials.

---

[1] In our opinion this statement was extremely favorable to the appellants since it eliminated the possibility that Mrs. Galizia might be contributorily negligent even if Miss McKim pulled out of the gas station.

At the trial the appellants took a special exception to the court's comments on the testimony of their witness, Donald F. Mars, and they now urge those comments in support of this argument. Donald F. Mars was eleven years old at the time of trial having been seven at the time of the collision. In his charge the court said ". . . you should scrutinize his testimony very carefully. We all know that children of ten years are very impressionable. Their imaginations sometimes work overtime and they are prone to exaggerate." The age of a child testifying is a matter which can properly be considered in passing on his credibility. In *Rosche v. McCoy*, 397 Pa. 615, 156 A. 2d 307 (1959), a case determining the competency of an infant witness, it was said at p. 621, ". . . experience has informed us that children are peculiarly susceptible to the world of make-believe and of suggestions." Here the court made clear in its charge that the jury was the sole judge of the credibility of the witnesses. With that admonition it was perfectly proper for the court to comment on the credibility of the witness. *Partridge v. Scott Brothers, Inc.*, 306 Pa. 60, 158 A. 790 (1932) ; *McNeile v. Cridland*, 6 Pa. Superior Ct. 428 (1898).

We have examined the charge as a whole and we are satisfied that the charge is neither misleading nor partial. Statements made by the court to which appellants object were all factually accurate and where they constituted comments on credibility were proper. They cannot be taken out of context to show error. The charge must be read as a whole and if, when so viewed, it is not misleading, then it is not substantially erroneous and will not justify a new trial. *Harman v. Chambers*, 358 Pa. 516, 57 A. 2d 842 (1948). Appellants' claim of partiality is simply without support in the record.

### III.

Appellants argue that the verdicts for Joseph Galizia and Rosalie Galizia were so grossly inadequate as to require new trials. Joseph received $1500 for his pain and suffering and disfigurement and Rosalie received $115 for her pain and suffering. The lower court found that the verdicts were not merely nominal but bore a reasonable resemblance to the damages proven. We agree with that finding. Joseph's scars were behind his knees and an examination on June 3, 1961 showed that he could run and walk normally. Rosalie suffered a minor concussion from which she completely recovered soon after the injury. Under these circumstances it is not the function of this Court to substitute its judgment for that of the jury. *Pryor v. Graff*, 179 Pa. Superior Ct. 622, 117 A. 2d 818 (1955). Unless a verdict is merely nominal appellate courts are not inclined to look askance on the refusal of a trial court to set it aside. *Carpenelli v. Scranton Bus Co.*, 350 Pa. 184, 38 A. 2d 44 (1944).

Lastly, Eugene Galizia, father of the minor, complains that his out of pocket expenses were $1,802.05 rather than $1,755.15, the amount of his verdict. He has no standing whatsoever to object to his verdict because it was a verdict directed in that amount by the court with the agreement of all the parties.

Judgments affirmed.