Franchetti, Appellant, *v.* Johnson.

Argued March 17, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Nathan Berlant,* for appellant.

*William B. Freilich,* with him *James J. Marsh,* and *LaBrum and Doak,* for appellees.

OPINION BY MONTGOMERY, J., September 11, 1969:

This is an action in trespass brought by Gus Franchetti, plaintiff-appellant, to recover damages for personal injuries which he allegedly sustained on March

23, 1961, when his automobile was struck by a tractor-trailer owned by the defendant-appellees, Gilbert A. Ogden and Ogden Trucking Company, and operated by defendant-appellee, Harold L. Johnson. In a trial on September 11, 1967 before Honorable FELIX PIEKARSKI and a jury, a verdict was returned in favor of the defendants. Following the lower court's refusal of a motion for a new trial and the entry of judgment for the defendants, the plaintiff appealed.

Johnson had been operating the tractor-trailer south on Island Avenue in the City of Philadelphia in the lane nearest the west curb of that street. He had been behind or alongside a streetcar, which, at the intersection of Island Avenue and Eastwick Avenue, made a right turn. Johnson had intended to continue traveling south on Island Avenue; but, having failed to anticipate the right turn of the streetcar, he also had to make a right turn into Eastwick Avenue to avoid striking the streetcar. In doing so, he struck Franchetti's car, which was stopped just beyond the intersection and near the curb. At the time of the accident, 4:45 p.m., the streets were wet, for it had been raining and was still drizzling. Those facts are not in dispute. However, one of the witnesses for the appellees offered testimony that Franchetti was not in his automobile at the time of the accident and Johnson testified that Franchetti's car was "sticking out" about three or four feet into Island Avenue. Franchetti had testified that at the time of the accident he was operating his car but it was stopped with its back at least twenty feet from the corner of Island Avenue. He stated that he had backed it from a parked position for the purpose of pulling out and avoiding another car parked ahead of it, which movement was prevented by the turning streetcar.

Since, by failing to have his truck under proper control and attempting to pass a streetcar at an inter-

section, Johnson's negligence seems to be unquestionable, the jury's verdict for defendants could have been predicated on their belief that Franchetti's car was illegally parked at the time of the accident. This issue was submitted to the jury. Franchetti's objection to the submission of the issue of contributory negligence to the jury is preserved by the court's refusal of the following point for charge: "2. The Court is requested to charge that there is no evidence of contributory negligence in this case; this fact cannot be determined by the jury, and if they find that the defendant was negligent and that such negligence was a proximate cause of the plaintiff's injuries and damages, then the jury must return a verdict for the plaintiff."

Not only does Franchetti complain of the submission of the question of contributory negligence to the jury but contends that, even if it was a proper subject for the jury's consideration, the court erred in placing the burden of disproving contributory negligence on him and, further, in failing to charge it on the doctrine of proximate cause.

Our examination of this record discloses no evidence in the presentment of plaintiff's case to charge him with contributory negligence because of the position of his automobile. No illegal parking is admitted or disclosed in the plaintiff's evidence. Therefore, he was entitled to an instruction placing the burden of proving contributory negligence on the defendants. We find no such instruction in the court's charge. In several places in the charge the jury was told that the plaintiff must be a person without fault in order to recover, but nowhere is anything said that the defendant has the burden of proving him to be at fault.

Furthermore, viewing the charge of the court as a whole, we find that it effectually placed the burden of disproving contributory negligence on the plaintiff in

this case. In discussing the issue of whether the plaintiff was operating his car at the time of the accident, the court correctly placed the burden of proving that he was in the car on the plaintiff. However, in doing so, the court stated that the burden of proof always rests upon the plaintiff.[1] Immediately thereafter[2] the court commenced the presentment of the issue of contributory negligence, the possible illegal parking, wherein it mentioned the plaintiff's burden of proof and failed to state that the burden of proving contributory negligence was on the defendant. Thus the jury could have concluded only that the burden of proof never shifts to the defendant.

Contributory negligence is an affirmative defense, *Forsythe v. Wohlfarth*, 205 Pa. Superior Ct. 416, 209 A. 2d 868 (1965), and if a plaintiff makes out a prima facie case, the burden of proof on the issue is on the defendant, *Whitley v. Philadelphia Transportation Company*, 211 Pa. Superior Ct. 288, 234 A. 2d 922

---

[1] "Was the plaintiff in that automobile at the time that the contact took place? I say that because there is testimony given here under oath that he was not. Those are items that you will take into consideration, remembering *at all times* that *the burden of proof always rests upon the plaintiff*. He's got a job to do. Has he done that job?" (Emphasis supplied) Original Record, page 122.

[2] "The law says this, a person who is at fault, no matter how little, cannot recover. Comes the next question before you, why is it in the law that one shall not park within twenty-five feet from the corner? Is that for the safety of persons so that he will not be so close that under reasonable circumstances he may be injured? The law definitely says that you have a certain footage. In this instance I am sure it is twenty-five, that there is to be no parking. Was this car parked within twenty-five feet; did someone who should have known, if that be a fact, that it was for his protection, did he cast that protection aside? Those are some questions that you will have to take into consideration to determine *the fundamental question, has the plaintiff carried his burden of proof*." (Emphasis supplied) Original Record, page 122.

(1967), which must be met by disproving the use of due care on the part of plaintiff by a preponderance of the evidence. *Gift v. Palmer,* 392 Pa. 628, 141 A. 2d 408 (1958). The defendant must show not only that the plaintiff failed to exercise reasonable care for his own safety, but also that such failure legally contributed to his injury. *Dickerson v. American Sugar Refining Co.,* 211 F. 2d 200 (1954).

Since we find that a new trial must be awarded for failure properly to instruct the jury on the burden of proving contributory negligence, we shall not decide the other contentions advanced by appellant.

Judgment reversed and a new trial awarded.