Kolb, Appellant, *v.* Hess.
Kulp *v.* Hess, et al., Appellant.

604

Argued December 3, and December 7, 1973. Before
WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE,
and SPAETH, JJ. (WATKINS, J., absent December 7,
1973, and SPAULDING, J., absent December 3 and 7,
1973).

Before SCIRICA, J.

*Sherwood L. Yergey*, with him *Kranzley, Wrigley,
Yergey and Daylor*, for appellant, at No. 211.

*Joseph P. Phelps, Jr.*, with him *Koch, Phelps and
Salus*, for appellant, at Nos. 104 and 105, and addition-
al defendant at No. 249.

*Stewart J. Greenleaf*, with him *William R. Cooper*,
for appellant at No. 249.

*Gilbert R. Lewis*, with him *Santangelo, Lewis &
Mescolotto*, for appellee.

OPINION BY JACOBS, J., April 3, 1974:

As the result of a head-on collision between two
pickup trucks in Montgomery County, on September

8, 1969, two negligence actions developed. The actions were consolidated for trial and form the subject matter of the present appeals.

In one action, the driver of one of the trucks, Joseph M. Kolb, sued the driver of the other vehicle, LeRoy Hess. In the second action, a passenger in Kolb's vehicle, Raymond C. Kulp,[1] sued Hess, the driver of the other vehicle; and Kolb was joined as an additional defendant.

In the first action, a jury returned a verdict in favor of the defendant, LeRoy Hess. From judgment entered on the verdict, plaintiff Kolb has appealed. In the second action, the jury returned a verdict in favor of the plaintiff, Raymond C. Kulp, against the original defendant, LeRoy Hess, and the additional defendant, Joseph M. Kolb, in the amount of $37,678. From judgment entered on that verdict, both plaintiff Kulp and additional defendant Kolb have appealed.

Prior to an examination of the issues raised by appellants, a brief summary of certain evidence presented at trial will be helpful. Joseph Kolb testified that at about 7:15 or 7:30 a.m. on September 8, 1969, under daylight conditions, he was driving his pickup truck in a southerly direction, at 25 miles per hour or less, on North Keim Street, Montgomery County, with Raymond Kulp as a passenger. At a point perhaps 50 feet distant, he saw defendant's truck approaching, straddling the center line of the road, according to his testimony. He stated that in spite of his attempt to stop and in spite of his having pulled as far to the right as he safely could, a collision occurred. Raymond Kulp testified that as Joseph Kolb's truck, in which he was riding, was proceeding in its proper lane on North

---

[1] Joseph M. Kolb and his passenger, Raymond C. Kulp, are brothers. The difference in surnames was said at trial to have resulted from a change of spelling at a point in the past.

Keim, which was a two-lane road divided by a double line, he suddenly saw a truck in front of them, entering their lane at a 45-degree angle. He was unable to remember anything further concerning the collision, he said. LeRoy Hess testified that as he was driving home at approximately 30 miles per hour, after working a night shift, he negotiated a curve to his left, remaining in his proper lane. As he came out of the curve, he stated, he saw a truck approaching, at a distance of 100 feet or better, on its proper side of the road. He testified that he had no recollection of events following a time when the two trucks were proceeding toward each other in their proper lanes, at a distance which he could not estimate, and prior to a time shortly after the collision.

A police officer who investigated the accident stated that both Joseph Kolb and Raymond Kulp told him, after the accident, that they could not recall how the accident had happened. LeRoy Hess told him that he recalled starting to skid prior to the collision, but did not remember the impact, according to the officer's testimony. The officer further stated that the road was wet at the time of the accident,[2] that the Kolb vehicle's lane was 9' 4" wide, with no shoulder, where the accident occurred, and that the Hess vehicle's lane was 10' 3" wide, with a 5' 4" shoulder. Several photographs, taken after the accident according to the officer, were introduced into evidence showing the two trucks facing each other, approximately crosswise on the road, with the severest damage to each being on the left-front side. In the photographs, the Kolb vehicle is shown resting entirely on its proper side of the road, its tail section extending into an area of vegetation off the road; the Hess vehicle is shown straddling the center lines of the road, projecting, in the officer's estima-

---

[2] Testimony was in conflict as to the condition of the road.

tion, about 3½ feet at one point into the oncoming lane; debris appears in the pictures in an inconclusive pattern in the area.

Testimony was also introduced as to injuries and economic losses suffered by Kolb and Kulp as a result of the accident. With regard to Kulp's injuries, a physician, testifying for him on direct examination, stated that he had recommended that a hip replacement operation be performed.

With respect to the appeal of Joseph M. Kolb, in the case of Kolb versus Hess, appellant contends that a new trial should have been granted in view of the lower court's erroneous submission to the jury of the issue of contributory negligence. It is argued that no contributory negligence on the part of Kolb was demonstrated.

Because we agree with this argument and because the error controlled the outcome of the case,[3] we reverse. *See Cwiakala v. Paal,* 427 Pa. 322, 235 A.2d 145 (1967). Although it is true that a court will not declare as a matter of law the absence of contributory negligence "if there is any evidence upon the consideration of which reasonable minded individuals might disagree as to whether or not the plaintiff was guilty of negligence which contributed to the accident,"[4] there is no evidence of such conduct by Kolb in the present case. Negligence is not shown by circumstances that are merely consistent with its existence. *Satovich v. Lee,* 385 Pa. 133, 122 A.2d 212 (1956), *adopting opinion in* 5 Pa. D. & C.2d 289 (1955). Nor does the happening of an accident, without more, prove negligence, raise an inference or presumption of negligence, or make out

---

[3] It is apparent from the jury's verdict in the second case that Kolb's failure to succeed in the first was due to a finding by the jury of contributory negligence.

[4] *Heffernan v. Rosser,* 419 Pa. 550, 555, 215 A.2d 655, 658 (1966); *Walker v. Martin,* 214 Pa. Superior Ct. 287, 291, 257 A. 2d 619, 620 (1969).

a prima facie case of negligence. *Laubach v. Haigh,* 433 Pa. 487, 252 A.2d 682 (1969).

In *Satovich v. Lee,* supra, the Pennsylvania Supreme Court held that where the only evidence of negligence in a head-on collision was the uninformative position of the vehicles following the accident, the inconclusive presence of debris on the road, and the failure of the allegedly negligent party to see the other vehicle on a curve in time to avoid it, no negligence had been shown. Little else was presented to the jury in the present case.

There was no testimony or other evidence contained in the record that appellant Kolb was speeding, that he was on the wrong side of the road, that he failed to exercise proper vigilance, that he failed to prevent an avoidable collision, or that in any other way he failed to exercise due care prior to the accident.[5] The conclusion that negligent conduct on his part was a legal cause of the accident in question was at most a conjecture—a speculation. *See Satovich v. Lee,* supra. As a consequence, a new trial must be awarded in the case of Kolb versus Hess.[6]

With respect to the appeal of Joseph M. Kolb, in the case of Kulp versus Hess and Kolb, appellant contends that the lower court erred in failing to grant his motion for judgment notwithstanding the verdict, which had been preceded by a written request for binding instructions. It is argued that no negligence on the part of Kolb was demonstrated. For the reasons, and on the facts, stated above, we agree with this con-

---

[5] Contributory negligence must, of course, be shown by a preponderance of the evidence to constitute a defense. *See* Restatement, 2d, Torts, § 477 and comment *a* (1965).

[6] In view of our disposition of the issue under discussion, no additional contention raised by appellant Kolb in support of a new trial in the case of Kolb versus Hess will be considered.

tention.[7] Consequently, the refusal to grant judgment n.o.v. in favor of Joseph Kolb in the case of Kulp versus Hess and Kolb will be reversed, and judgment will be entered in favor of Kolb.[8]

With respect to the appeal of Raymond C. Kulp, in the case of Kulp versus Hess and Kolb, appellant contends that the lower court erred in failing to grant his motion for a new trial. It is argued that the amount of the verdict was inadequate, that testimony concerning a corrective operation available to him should not have been admitted, that the lower court incorrectly submitted to the jury the issue of mitigation of damages in connection with the operation, that certain income tax returns of Joseph Kolb should not have been admitted into evidence, that any error in permitting the issue of contributory negligence of Kolb to be determined by the jury was detrimental to Kulp, and that any error adversely affecting Kolb adversely affected Kulp.

"Our scope of review in deciding whether the lower Court should have granted a new trial on the ground that the verdict was inadequate is whether the lower Court committed a clear or gross abuse of discretion." *Black v. Ritchey*, 432 Pa. 366, 369, 248 A.2d 771, 773 (1968) (emphasis omitted). "Unless a verdict is merely nominal appellate courts are not inclined to look

---

[7] "In considering a motion for judgment n.o.v., the evidence together with all reasonable inferences therefrom is considered in the light most favorable to the verdict winner." *Connolly v. Philadelphia Transp. Co.*, 420 Pa. 280, 282, 216 A. 2d 60, 62 (1966); *Litten v. Jonathan Logan, Inc.*, 220 Pa. Superior Ct. 274, 278, 286 A. 2d 913, 915 (1971). But "[w]here the evidence in the case is clearly insufficient to enable the appellee to prevail . . . the refusal of judgment n.o.v. will be reversed, and judgment will be entered for the appellant." 9 Standard Pennsylvania Practice 564 (1962).

[8] In view of our disposition of this issue, no additional contention raised by appellant Kolb in the case of Kulp versus Hess and Kolb will be considered

askance on the refusal of a trial court to set it aside." *Galizia v. McKim,* 210 Pa. Superior Ct. 144, 150, 232 A.2d 213, 216 (1967). *See Carpenelli v. Scranton Bus Co.,* 350 Pa. 184, 38 A.2d 44 (1944). The present award of $37,678 was, to say the least, not nominal. Although it is evident that appellant's injuries, which were said to have included a broken, dislocated hip requiring traction, were of a serious nature, professional medical expenses presented on his behalf accounted for less than 13% of the award; it is conceded on appeal that appellant now "appears to be at the point where he does not have to see a physician very frequently." As to pain, suffering, and lost earnings, it must be remembered that "[t]he issue of the amount to be awarded to an injured person for pain and suffering and loss or impairment of earning power, both past and prospective, is primarily a jury question." *James v. Ferguson,* 401 Pa. 92, 99, 162 A.2d 690, 694 (1960). No clear or gross abuse of discretion is discernible in the lower court's refusal to overrule the jury's determination as to damages in the present case, where the determination included numerous factual decisions as to the degree of impairment of the appellant, a 58-year-old carpenter at the time of the accident, the amount of pain and suffering endured, the duration of his injuries, and so forth.

The argument that a new trial should result from the admission of testimony concerning a corrective operation which was available to appellant for the replacement of his hip is not persuasive in view of the fact that it was appellant's attorney who elicited such testimony on direct examination,[9] that no objection was raised when the matter was pursued on cross-examination, and that the inadmissibility of the testi-

---

[9] "Generally speaking, a party cannot assert error in the admission of evidence where he, himself, introduced the evidence...." 9 Standard Pennsylvania Practice 364 (1962).

mony was not a ground listed in appellant's motion for a new trial. *See Altman v. Ryan,* 435 Pa. 401, 257 A.2d 583 (1969). The absence of an objection by appellant to the charge on mitigation of damages, and the omission of the issue from his motion for a new trial, are similarly fatal to the argument that the jury should have been precluded from considering the operation, deemed new and risky by appellant, as a source of mitigation. *See id.*

The argument that certain income tax returns of Joseph Kolb were erroneously admitted into evidence over the objection of Kulp's attorney, and that a new trial should be granted appellant as a consequence of the error, contains certain deficiencies. First, it appears from the record that it was Kolb's attorney, rather than Kulp's, who objected to their submission, and that the alleged evidentiary error involved in the items' admission was not employed as a ground for a new trial in appellant's motion below. *See Lewis v. United States Rubber Co.,* 414 Pa. 626, 202 A.2d 20 (1964) (evidentiary issue not raised in new trial motion held not to be reviewed on appeal, under facts of case). Second, no specific prejudice to the appellant has been brought to our attention from the alleged error.[10] It is axiomatic that "the . . . admission of evidence [, even if erroneous,] is not considered a ground for a new trial where no harm or prejudice has resulted." 28 P.L.E. *New Trial* § 26, at 27 (1960).

We have examined the remaining two assignments of error by appellant and find them to be of insufficient cogency to justify the relief requested. A new

---

[10] Appellant, in his brief on appeal, states only that "[t]he Returns contained irrelevant information and other factors which may have had undue influence and unfavorable influence upon the award given by the Jury." Such an allegation lacks sufficient specificity to show prejudice to the appellant.

612

trial on behalf of Raymond C. Kulp in the case of Kulp versus Hess and Kolb will therefore be refused.

In the case of Kolb versus Hess, the judgment entered in favor of LeRoy Hess is reversed and a new trial is granted. In the case of Kulp versus Hess and Kolb, the refusal to grant judgment notwithstanding the verdict in favor of Joseph M. Kolb is reversed, and judgment is entered in his favor; and the judgment entered in favor of Raymond C. Kulp, in the amount of $37,678, against LeRoy Hess is affirmed.