390 A.2d 249

**Vincent H. SMITH, Jr., an Individual, Appellant,**

**v.**

**PORT AUTHORITY TRANSIT.**

Superior Court of Pennsylvania.

Argued April 13, 1978.

Decided July 12, 1978.

William M. Wycoff, Pittsburgh, with him Thorp, Reed & Armstrong, Pittsburgh, for appellant.

Leo Daniels, Pittsburgh, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HOFFMAN, Judge:

Appellant argues that the trial court erred in submitting the issue of his contributory negligence to the jury. We agree and, therefore, reverse and remand for a new trial.

On July 29, 1974, appellant filed a complaint in trespass against appellee; he sought to recover for injuries sustained during a motor vehicle accident. At a jury trial in Allegheny County Court of Common Pleas, appellant produced the following evidence: on June 14, 1973, at 8 a.m., appellant was traveling on East Ohio Street in the vicinity of the 31st Street Bridge. East Ohio Street is a 4 lane highway with two lanes for eastbound traffic and two lanes for westbound traffic. Appellant was driving a Volkswagen in the left, or passing lane westbound at 35 m.p.h., the posted speed limit. Having successfully overtaken a vehicle in the right lane, appellant looked in his rear view mirror to determine whether the right lane was clear so that he could return to it. He observed appellee's agent, bus driver Raymond Myers, driving a bus in the right, westbound lane approximately 400 feet to the rear. Appellant ascertained that the bus was

accelerating rapidly and that it would soon overtake him. Thus, appellant continued in the left lane to permit the bus to pass him on the right. Appellant maintained a constant speed so as not to confuse the bus driver. Appellant testified that as the bus was passing his car, it suddenly moved from the right lane into the left lane without giving any warning via turn signal or horn. The left rear of the bus smashed into the right front of appellant's car and propelled it into oncoming, eastbound traffic where another car struck appellant's car head-on. The force of the impact threw appellant out of his vehicle and resulted in injuries to him.

Two bus passengers testified for appellant. The first, Fred Dyer, was standing in the center of the bus at the time of the incident. After the bus crossed the 31st St. Bridge, he noticed the bus rapidly accelerate from 25 m.p.h. to 45–50 m.p.h. as it traveled in the right, westbound lane. Dyer say appellant's Volkswagen in the left lane; the bus began to move past the car then changed into the left lane directly in front of the Volkswagen. Dyer heard a "thud" at the rear of the bus as it struck appellant's car. When the bus did not stop, the passengers called out to the driver that he had been involved in an accident. Some distance down the road, the driver stopped and handed out witness cards. Another bus passenger, Donald Bashline, testified for appellant. Bashline was standing directly behind the driver at the time of the incident. Bashline noticed a rapid increase in the bus' speed up to 50–55 m.p.h.; he observed the bus approach a white car traveling ahead of it in the right lane. The bus was going so fast it would be unable to stop without hitting the car; at the point of no return, the bus swerved into the left lane without giving any turn signal or using the horn. Bashline heard the bus crash into a car.[1]

In defense, appellee introduced the following testimony. Bus driver Raymond Myers stated that he was traveling in the right lane, westbound at 30–35 m.p.h. on the morning in

1. A passenger in appellant's car testified and corroborated appellant's evidence in all respects. The drivers of two on-coming vehicles also testified.

question.  After passing the 31st St. Bridge, he decided to change lanes to avoid an area of potholes which he knew existed several hundred feed ahead in the right lane.  There was a dark car traveling ahead of him in the right lane but Myers stated that he changed lanes only to bypass the holes in the road, not to avoid the car.  Myers did not see the Volkswagen in the left lane; he put on his turn signal and changed lanes.  He stated that he did not hear any crash and only became aware of an accident about 50–75 feet after changing lanes.  On cross-examination, the driver admitted that there was a 7 foot long blind spot at the left rear of the bus in which cars would not be visible by looking through his side and rear view mirrors.

A bus passenger, John Andre, testified that he was standing near the front bus door prior to the accident.  The bus was proceeding in the right lane at 40–45 m.p.h.  Andre saw a white car parked in the curb lane which required that the bus change lanes.  Andre heard a crash and then another passenger stood up and shouted that an accident had occurred.

The jury returned a verdict for appellee.  Following the denial of appellant's motions for a new trial by the court en banc, appellant filed an appeal in our Court.

■ Appellant argues that there was no evidence of contributory negligence, thus, the court erred in submitting that issue to the jury.[2]  "Contributory negligence is an

2.  Appellee contends that appellant has waived this argument by failing to except to the charge on contributory negligence until the jury retired.  Rule 227 Pa.R.Civ.P. provides: ".  .  .  (b) Unless specially allowed by the court, all exceptions to the charge to the jury shall be taken before the jury retires.  On request of any party all such exceptions and arguments thereon shall be made out of hearing of the jury."

Prior to the retirement of the jury, appellant's counsel stated several specific exceptions which the court cured.  Counsel also indicated that after the jury retired, he would make a further exception.  After the jury departed, appellant's counsel excepted to the charge on contributory negligence.  The court acquiesced in this late objection as did appellee; in fact, the court invited further objections by either counsel.  Consequently, we believe that the lower court specially

affirmative defense, and if a plaintiff makes out a prima facie case, the burden of proof on the issue is on the defendant, which must be met by disproving the use of due care on the part of plaintiff by a preponderance of the evidence." *Franchetti v. Johnson*, 215 Pa.Super. 14, 18–19, 257 A.2d 261, 263 (1969) (citations omitted); *Kurtz v. Philadelphia Transportation Co.*, 394 Pa. 324, 147 A.2d 347 (1959); *Hepler v. Hammond*, 363 Pa. 355, 69 A.2d 95 (1949). In *Heffernan v. Rosser*, 419 Pa. 550, 554–555, 215 A.2d 655, 657 (1966), the Supreme Court summarized certain well established principles:

"(1) 'a trial judge should not instruct a jury to find a material fact in the absence of evidence to support the finding' (*Hepler v. Hammond*, 363 Pa. 355, 357, 69 A.2d 95; *Luterman v. Philadelphia*, 396 Pa. 301, 307, 152 A.2d 464); (2) '.   .   . where there is *any* evidence which alone would justify an inference of the disputed fact, it must go to the jury, no matter how strong or persuasive may be the countervailing proof. A court may set aside a verdict as against the weight of the evidence, but that is the most they can do to assist the party. But in a case in which a court ought to say that there is no evidence sufficient to authorize the inference, then the verdict would be without evidence, not contrary to the weight of it.' (*Howard Express Co. v. Wile*, 64 Pa. 201, 205, 206; *Hepler v. Hammond*, supra, 363 Pa. 357, 69 A.2d 96); (3) if a plaintiff's case discloses no contributory negligence and if the defendant offers no evidence from which plaintiff's contributory negligence may be inferred, therefore, since it is defendant's burden to establish contributory negligence, it is the duty of the trial court to give binding instructions that no such question exists in the case (*Miller v. Montgomery*, 397 Pa. 94, 97, 152 A.2d 757; *Greet v. Arned Corporation*, 412 Pa. 293, 295, 296, 194 A.2d 343); (4) however, if there is any evidence upon the consideration of which reasonable minded individuals might disagree as to whether or not the plaintiff was guilty of negligence which

permitted this particular exception to be made after the jury had retired.

.

contributed to the accident, then the question of such contributory negligence is for the jury, not the court, to determine (*Polinelli v. Union Supply Co.*, 403 Pa. 547, 552, 170 A.2d 351; *Malitovsky v. Harshaw Chemical Co.*, 360 Pa. 279, 283, 61 A.2d 846; *Altomari v. Kruger*, 325 Pa. 235, 240, 188 A. 828)." (Footnotes omitted).

In *Kolb v. Hess*, 227 Pa.Super. 603, 323 A.2d 217 (1974), we held that the trial court erred in submitting the issue of contributory negligence to the jury. In *Hess* two vehicles collided head-on; one driver sued the other. Testimony was sketchy as to how the accident occurred. We stated: "Negligence is not shown by circumstances that are merely consistent with its existence. *Satovich v. Lee*, 385 Pa. 133, 122 A.2d 212 (1956), *adopting opinion in* 5 Pa.D. & C.2d 289 (1955). Nor does the happening of an accident, without more, prove negligence, raise an inference or presumption of negligence, or make out a prima facie case of negligence. *Laubach v. Haigh*, 433 Pa. 487, 252 A.2d 682 (1969)." 227 Pa.Super. at 607, 323 A.2d at 220.

■■ In the instant case, the evidence showed that appellant was traveling in the left lane at 35 m.p.h., that he maintained a constant speed as required by the Vehicle Code,[3] and that the bus changed lanes in front of appellant. There is *no* testimony that appellant was speeding, that he failed to exercise proper vigilance, that he failed to prevent an avoidable accident, or that in any other way he failed to exercise due care prior to the accident. In short, there is *no* evidence in the record to support a finding of contributory

3. The Vehicle Code, Act of April 29, 1959, P.L. 58, 75 P.S. § 1009. Repealed by Act of June 17, 1976, P.L. 162, No. 81, § 7, eff. July 1, 1977; 75 P.S. § 1009 provides in part:

"(a) The driver of a vehicle, about to be overtaken and passed by another vehicle or streetcar approaching from the rear, shall give way to the right, in favor of the overtaking vehicle or streetcar, on suitable and audible signal being given by the driver of the overtaking vehicle or streetcar, and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle or streetcar. . . ."

negligence.[4]  Consequently, to charge the jury on this issue was error.  We reverse and remand for a new trial.

PRICE, SPAETH and HESTER, JJ., dissent.

4.  The lower court opined ".   .   . [T]he plaintiff made the decision not to moderate his speed in the slightest degree, when, as the jury could have found, the plaintiff was aware of a vehicle in the right lane along which the bus was proceeding."  However, even assuming that appellant was aware that a vehicle was in the right lane ahead of the bus, appellant had the right to assume that the bus driver would act reasonably and prudently under the circumstances.  A person need not anticipate the negligence of another.  *DeMaine v. Brillhart,* 224 Pa.Super. 241, 303 A.2d 506 (1973).  Appellant could have anticipated that the bus driver would either look in the left lane before entering it, or would slow down so as to avoid the vehicle in the right lane.  Either of these actions would have been reasonable.  Appellant was not required to expect the bus to swerve into the left lane.  Moreover, appellee produced no testimony that would show that appellant could have avoided the collision by moderating his speed, or applying his brakes.  In the absence of any such evidence, the issue should not be given to the jury.