J-A28005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DAWN GILLEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ALYSA WOLOSZYN | |
| Appellee | No. 437 EDA 2016 |

Appeal from the Judgment Entered January 27, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): May Term, 2014 1405-02943

BEFORE:  PANELLA, J., SHOGAN, J., and PLATT, J.*

DISSENTING MEMORANDUM BY PANELLA, J.         **FILED MARCH 29, 2017**

I respectfully dissent from my esteemed colleagues in the Majority. Gilley claims she is entitled to JNOV as there was no evidence presented at trial to establish that she was contributorily negligent. After reviewing the testimony presented at trial—in the light most favorable to the verdict winner, Woloszyn—I am constrained to agree. The jury engaged in pure speculation to find Gilley 60% liable for the accident. Accordingly, I would reverse the judgment, enter judgment on liability in favor of Gilley, and remand for a new trial on damages. My reasoning follows.

---

* Retired Senior Judge assigned to the Superior Court.

Contributory negligence is an affirmative defense that Woloszyn had the burden to prove. **See**, **e.g.**, **Smith v. Port Authority Transit**, 390 A.2d 249, 251 (Pa. Super. 1978).

There was conflicting testimony presented at trial about the accident and its location. Gilley testified that she had gotten off I-76 West at the exit for City Avenue. **See** R.R. at 102a.[1] At the end of the ramp, she stopped at a red light and was then rear-ended by Woloszyn. **See id**. The jury obviously disbelieved Gilley's version of events. And I must accept Woloszyn's version of the accident as true.

Woloszyn testified that she too got off at the exit for City Avenue from I-76 and turned right at the light. **See id**., at 77a. This is the same traffic light where Gilley testified she stopped and where she claims the accident occurred. Woloszyn then drove down City Avenue towards the cross street Presidential Boulevard. **See id**. The far right lane on City Avenue is a merge lane for Presidential Boulevard. There is a traffic light at the intersection of City Avenue and Presidential Boulevard. But to drive on Presidential Boulevard from City Avenue a driver does not go through the intersection. Rather, the driver stays in that far right hand lane and enters the merge lane onto Presidential Boulevard. There is a yield sign at the merge.

_____

[1] The notes of testimony are in the certified record. I utilize citations to the reproduced record solely for ease of reference.

Woloszyn testified that she "was rounding a corner, and Ms. Gilley's car was stopped in a street that had a yield sign where there was no cars in front of her, so I'm not sure why she was stopped." *Id*., at 82a. She "agree[d] to bumping [Gilley's] car," but did "not know why she was stopped in the middle of the street with no cars in front of her." *Id*., at 83a. She continued, "I'm in the fault [sic] for bumping her car while her car was stopped on the street with no one in front of her on a yield street where there is no light on that lane. I don't know why she stopped there." *Id*., at 84a.

The key to the resolution of this appeal is Woloszyn's testimony that Gilley's "car was stopped in a street that had a yield sign where there was no cars in front of her, so I'm not sure why she was stopped." That there were no cars in *front* of Gilley's car is of no significance. Under Woloszyn's version of the accident, which I accept as true, Gilley was in a *merge* lane with a *yield* sign. It was not the absence of cars in *front* of her that were necessarily the issue, but the cars coming *across* the intersection—the cars coming across City Avenue on Presidential Avenue. "The driver of a vehicle approaching a yield sign shall in obedience to the sign slow down to a speed reasonable for the existing conditions and, if required for safety to stop…." 75 Pa.C.S.A. § 3323. Stop signs and yield signs.

Woloszyn presented no evidence at all as to traffic coming *across* Presidential Boulevard. As she said, "I'm not sure why she was stopped." It

was pure speculation on the jury's part to attribute, as they surely did, this stop to an improper purpose constituting negligence in the absence of any evidence whatsoever.

The trial court, writing in support of its denial of JNOV, notes that "[t]he jury was free to rely on the credibility of one witness over another to determine … whether Plaintiff was stopped in traffic when she should have been moving." Trial Court Opinion, filed 5/4/16 at 7. When the jury is equipped with adequate evidence this is undoubtedly true. But here there is a complete absence of such evidence—"I'm not sure why she was stopped." The jury was not free to engage in pure speculation and conjecture to fashion a reason and then attribute negligence, especially in light of 75 Pa.C.S.A. § 3323.

The trial court and Woloszyn also rely on the fact that Gilley was using a cellular phone at the time of the accident. Gilley testified that she was not on the phone at the time of the accident and that, in any event, she used a hands-free cellular phone. **See** R.R. at 104a, 106a, and 108a. Cellular phone records indicate that Gilley was on the phone from 10:01 am until 10:03 am. **See id**., at 249a-251a. She called 911 at 10:04 am, which was "less than a minute" after the accident. **Id**., at 103a.

It appears the jury disbelieved Gilley's claim that she did not use her cellular phone during the accident. But there is no evidence from which the jury could find that use of the phone was negligent. This, like the jury's

- 4 -

other finding, was pure speculation and conjecture.[2] Mere use of the cellular phone, without more, cannot establish negligence. Here, there was no evidence of, for example, erratic driving. And there was no plausible evidence offered to her being unreasonably stopped in the road.

Woloszyn bore the burden to establish the affirmative defense of contributory negligence. All she did was to establish that an accident took place—one in which *she* rear-ended the other vehicle. "Negligence is not shown by circumstances that are merely consistent with its existence." **Kolb v. Hess**, 323 A.2d 217, 220 (Pa. Super. 1974).

There is no legal foundation for the jury's finding of contributory negligence. Accordingly, I would reverse the judgment, enter judgment on liability in favor of Gilley, and remand for a new trial on damages.[3]

---

[2] Texting while driving is a violation of the vehicle code, but speaking on a hand held cellular phone while driving is not. **See** 75 Pa.C.S.A. § 3316(a).

[3] My disposition makes it unnecessary to reach Gilley's other issue presented on appeal. **See** Appellant's Brief, at 5.