Brizzi *v.* Pianetti, Appellant.

Argued April 14, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*S. D. Marriner,* with him *Rufus S. Marriner* and *Marriner, Wiley & Marriner,* for appellant.

*D. M. Anderson, Jr.,* with him *Anderson & Anderson,* for appellee.

OPINION BY FINE, J., July 15, 1949:

Jess Brizzi, appellee, instituted this action in trespass against Frank Pianetti, appellant, to recover damages for personal injuries sustained as the result of a right angle collision between their motor vehicles at the intersection of Sixth Street and Marne Avenue in Monongahela City, Washington County, Pennsylvania. A jury returned a verdict for appellee in the amount of $1,200.00 and Pianetti now appeals from the dismissal by the court below of his motion for judgment n. o. v., contending that he was not negligent, and if negligent, that appellee was guilty of contributory negligence as a matter of law.

As appellee has a jury verdict in his favor, we are required to view the evidence in a light most favorable to him, resolving any conflicts in the testimony in his favor and according him the benefit of every inference of fact reasonably deducible therefrom (*Hinton v. Pittsburgh Railways Company,* 359 Pa. 381, 382, 59 A. 2d 151; *Scholl v. Philadelphia Suburban Transportation Co.,* 356 Pa. 217, 219, 51 A. 2d 732); or as otherwise stated appellee is entitled to have the oral testimony supporting the verdict considered and all the rest rejected (*Sorrentino v. Graziano,* 341 Pa. 113, 17 A. 2d 373). So viewing the testimony, the material facts reveal that on March 26, 1947, between 10:00 and 11:00 a.m., appellee was proceeding westerly on Sixth Street, toward its right angle intersection with Marne Avenue. Both streets are thirty-two feet wide and paved with brick. Sixth Street has a slight ascending grade in the westerly direction. Marne Avenue, approximately two hundred feet north of this intersection, makes a sharp bend to the northwest. There was some snow on the

streets making them slippery; the intersection had no traffic controls, by lights or otherwise. Appellee was proceeding about ten to fifteen miles per hour when he arrived at his intersection line, he looked to his right in a northerly direction, and observed no traffic approaching southerly on Marne Avenue. He then put his truck into second gear to ascend the grade of Sixth Street and had gone about midway through the intersection when looking again to the right he saw for the first time about five feet away from his (appellee's) truck, the taxicab of appellant proceeding at a high rate of speed in a southerly direction on Marne Avenue at its intersection with Sixth Street. Appellee swerved his truck sharply to his left in order to avoid the collision but the left front of appellant's cab struck the right front side of appellee's truck, forcing it over the curb and to the steps of a home situate on the southwest corner of the intersection.

Appellee contends that when he made his first observation north on Marne Avenue he saw no approaching vehicles. The appellant's cab was at that time beyond the sharp bend on Marne Avenue. There was testimony, undoubtedly believed by the jury, that appellant was negligently proceeding toward the intersection at a high and excessive rate of speed on a slippery street. Moreover, it was pertinently stated by the court below: "The damage done to the respective cars and the distance which the plaintiff's truck was driven, pushed or thrust sideways, and the manner in which the plaintiff was thrown across the cab of his truck, all indicate that the defendant was traveling at a high rate of speed." Appellant's negligence was clearly for the jury. The conflicts in the testimony were eminently for the jury to reconcile or reject and the court below did not err in submitting to it the questions upon a full and careful charge to which no exceptions were taken. Appellant's argument that he was not negligent is without merit, for

viewing the testimony favorably to appellee there is ample evidence to warrant the jury in concluding that appellant failed to exercise due care in the circumstances.

Appellant's more serious complaint is addressed to the alleged contributory negligence of appellee and the failure of the court below to so declare as a matter of law. "Contributory negligence is defined in 45 C. J. 942, section 501, as 'conduct for which plaintiff is responsible, amounting to a breach of the duty which the law imposes upon persons to protect themselves from injury, and which, concurring and coöperating with actionable negligence for which defendant is responsible, contributes to the injury complained of as a proximate cause' ": *Seaboard Container Corp. v. Rothschild,* 359 Pa. 51, 58, 58 A. 2d 800, 803.

As in all such cases we begin with the principle that ". . . it is only in those cases where contributory negligence is so clearly revealed that fair and reasonable individuals could not disagree as to its existence that it may be declared judicially": *Altomari v. Kruger,* 325 Pa. 235, 240, 188 A. 828; *DiBona v. Philadelphia Transportation Company,* 356 Pa. 204, 211, 51 A. 2d 768; *Keiser v. Philadelphia Transportation Company,* 356 Pa. 366, 372, 51 A. 2d 715. Appellant contends that if appellee had looked north on Marne Avenue as he testified, he would have seen or should have seen the southbound vehicle of appellant; that he cannot now be heard to say that he did not observe that which was clearly observable. Cf. *Favino v. Myers,* 164 Pa. Superior Ct. 445, 65 A. 2d 689. "The law only makes obligatory the rule of common sense regarding the duty of a driver at the intersection of streets, where traffic is very dangerous because conflicting. He must be vigilant, must exercise a high degree of care, must have his car under complete control, and must look, and see what is visible, before attempting to cross the inter-

secting street": *Byrne v. Schultz,* 306 Pa. 427, 433, 160
A. 125. Appellee was also under the duty to yield the
right of way to appellant unless so far in advance at the
intersection that in the exercise of reasonable care and
prudence he was justified in believing he could cross
without danger of collision. The burden of proving
appellee violated any of these rules of the road and
that he was contributorily negligent rested on the ap-
pellant. This burden of proof he failed to carry.

The theory of appellee which was submitted to and
accepted by the jury, and which was based upon com-
petent testimony, was to the effect that when appellee
first looked to his right he could not see appellant's
cab because at that moment it was beyond the Marne
Avenue curve, and when he again looked while proceed-
ing through the intersection, the taxicab had traveled
at such excessive speed in the circumstances that it was
only five feet distant, thereby creating a situation from
which appellee could not extricate himself. The plaintiff
cannot be said to have been contributorily negligent as
a matter of law because he failed to foresee a situation
not reasonably likely to arise, viz., that the appellant
would operate his taxicab at a high rate of speed on a
slippery street, when unusual weather conditions made
it imperative that he should pay extremely careful at-
tention to the roadway. However, although appellee was
not required to anticipate and guard against want of
care on the part of the appellant, it was his duty to use
due care to avoid a collision, whether or not appellant
was negligent: *Mehler v. Doyle,* 271 Pa. 492, 495, 115 A.
797. Appellee exercised that due care and reasonable
prudence required of him when, after previously ob-
serving no traffic, he again looked to the right while pro-
ceeding cautiously through the intersection; there is no
evidence in the record to show he failed to be alert in the
circumstances. His conduct thereafter in turning to
his left to avoid the accident was a normal and reason-

able response to a perilous situation created solely by the excessive speed of appellant's cab. That a collision followed shortly after the second observation may be attributed solely to the recklessness of the appellant in the circumstances, and the jury so found. Accepting, as we are required, only such evidence as supports the verdict, there was no error in refusing to declare appellee guilty of contributory negligence as a matter of law. As was their right the jury rejected appellant's theory of the accident, discarded his testimony and accepted the appellee's.

We are satisfied that the question of appellee's contributory negligence was properly submitted to the jury. It is interesting to note that the jury made a special finding in their verdict that, "we . . . find Jess Brizzi, plaintiff not guilty of being negligent . . ."

Judgment affirmed.