Criner *v.* Greco, Appellant.

Argued April 13, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Samuel W. Pringle, Jr.,* with him *Pringle, Bredin & Martin,* for appellant.

*Leonard E. Price,* for appellee.

OPINION BY HIRT, J., September 16, 1959:

About 10 p.m. on April 23, 1952 the plaintiff was driving his automobile south on Duquesne Avenue in or near Cheswick in Allegheny County. The defendant was proceeding in his car eastwardly on Route 28 and they both approached the intersection of the two highways at about the same time. Plaintiff testified that he stopped his car before entering the intersection and then proceeded carefully because his view to his right was obstructed by automobiles parked on the north side of Route 28, and by a hotel building which extended to the sidewalk line on the northwest corner of the intersection. Although plaintiff testified that he could see from 100 to 130 feet to his right when he passed these obstructions he did not see the defendant's car until just before it crashed into his automobile south of the middle of the intersection. It was drizzling and the pavements were wet but there was a neon sign on the hotel and lights on a gasoline station on the opposite corner which made for "fair visibility" in the intersection. The jury found for the plaintiff in the agreed amount of the damage to his car; rules for judgment n.o.v. and for a new trial were refused and judgment was entered on the verdict.

Even when the reasonable inferences from the testimony are viewed in the light most favorable to the plaintiff, it is questionable whether he may recover at all. *Dandridge v. Exhibitors Service Co.,* 167 Pa. Superior Ct. 143, 74 A. 2d 670. That question, however close, in our opinion was for the jury under the circumstances. Contributory negligence may be declared judicially only where it is so clearly revealed that fair and reasonable individuals could not disagree as to its existence. *Altomari v. Kruger et al.,* 325 Pa. 235, 188

A. 828; *Brizzi v. Pianetti,* 165 Pa. Superior Ct. 258, 67 A. 2d 578. Under the defendant's general exception, however, a new trial must be granted because of basic errors in the charge of the court. In referring to both the negligence of the defendant as a basis for recovery, and to the contributory negligence of the plaintiff, which would bar him, the court charged: "that they not only must be negligent, but the negligence must be the proximate cause of this accident." That instruction amounted to fundamental error. The universally recognized rule in Pennsylvania is that a plaintiff cannot recover if his own negligence contributed in *any* degree to the accident and injury. *Crane v. Neal,* 389 Pa. 329, 334, 132 A. 2d 675; *Middleton v. Glenn,* 393 Pa. 360, 363, 143 A. 2d 14.

Moreover, in referring to the plaintiff's testimony that after looking both to his right and to his left in the intersection, he didn't observe the approach of the defendant's car, the trial judge stated that "the inference was that he [the defendant] was traveling without lights" and elsewhere in the charge the court said: "the inference, of course, being that the defendant did not have his lights on." The defendant had testified that his headlights were on and the plaintiff did not deny it. Plaintiff's testimony was merely to the effect that he didn't see defendant's approaching automobile until the instant of the collision. The above instruction was seriously prejudicial to the defendant. The inferences to be drawn from oral testimony are for the jury and not for the court. *Yurkonis v. Dougherty,* 382 Pa. 387, 391, 115 A. 2d 193.

The court also, although inadvertently no doubt, fell into error in indicating that the decision of the jury might be by a majority. A verdict, to be effective, invariably must rest on the unanimous finding of twelve jurors. *Wellitz v. Thomas,* 122 Pa. Superior Ct. 438, 185 A. 864.

Other alleged errors to which no specific exceptions were taken need not be discussed. *McDonald v. Ferrebee,* 366 Pa. 543, 547, 79 A. 2d 232; *Voitasefski v. Pittsburgh Rwys. Co.,* 363 Pa. 220, 69 A. 2d 370.

Judgment reversed with a venire.