Matteo *v.* Sharon Hill Lanes, Inc., Appellant.

Argued December 12, 1969. Before WRIGHT, P. J., MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ. (WATKINS, J., absent).

*Robert B. Surrick*, with him *Cramp & D'Iorio*, for appellant.

*Fred Lowenschuss*, for appellee.

OPINION BY JACOBS, J., March 19, 1970:

In this negligence action the jury returned a verdict of $5000 for the plaintiff. Defendant's motions for judgment n.o.v. and for a new trial were refused and defendant appeals. We will grant a new trial.

Plaintiff was injured while bowling on defendant's lanes. He fell because of a wet spot on his shoe which prevented him from sliding as he threw the ball toward the pins. In the course of his own testimony the plaintiff admitted that he did not inspect his shoes prior to bowling the frame in which he fell. He also stated that he knew coffee and sandwiches were being consumed in the area and that any wet substance would cause him not to slide.

At the end of the court's charge the defendant took an exception to the charge on contributory negligence on the ground that the judge nowhere stated that the

plaintiff may not recover if he shows contributory negligence in his own case. No such charge was given and in this case it was error not to so charge.

In his charge, after defining contributory negligence, the judge said:

"Any plaintiff who is guilty of contributory negligence cannot recover under the law of this state, no matter how negligent the defendant may have been. If a plaintiff was guilty of negligence which contributed to the happening of his own injury in any degree, however slight it may have been, he cannot prevail in a suit for damages arising from that accident.

"The test is whether the act or acts alleged as constituting negligence contributed in any degree to the production of the injury. The defendant contends not only that he was not negligent himself but that the plaintiff was guilty of negligence which contributed to the happening of the accident. If the defendant is correct in either of these contentions, the plaintiff may not recover. However, contributory negligence is a defense which the defendant has the burden of proving. The burden is not on the plaintiff to prove his freedom from contributory negligence.

"A defendant who defends on the ground of contributory negligence must prove that phase of his case by the fair preponderance of the credible evidence. He must show by the weight of the evidence that the plaintiff was guilty of negligence which contributed to the accident. If he has not sustained that burden of proof, then the defense of contributory negligence has not been made out.

. . . .

"Now, if you believe that by the fair preponderance of the evidence, and that the plaintiff was guilty of the conduct attributed to him by the defendant's evidence, then such conduct would be negligence. If you believe that it contributed to the happening of the injury and

the hurt which the plaintiff sustained, then the plaintiff may not recover. It must be the proximate cause of the injury or hurt.[1]"

The charge of the court to the effect that contributory negligence is a defense which the defendant has the burden of proving and that there is no burden on the plaintiff to prove his freedom from contributory negligence is correct. It is the plaintiff's burden, however, to show the defendant's negligence. If in presenting his case against the defendant the plaintiff reveals factors which convict him of contributory negligence he may not recover. *Brown v. Jones*, 404 Pa. 513, 516, 172 A. 2d 831, 833 (1961); *Nelson v. Barclay Motors, Inc.*, 414 Pa. 633, 202 A. 2d 48 (1964). In the latter case which, like the present case, came up from Delaware County, where the plaintiff's case contained evidence from which an inference of contributory negligence could be reached, the Supreme Court approved a charge which in substance told the jury to find for the defendant if it found contributory negligence in plaintiff's own case.

A charge that a plaintiff who reveals contributory negligence in his own case may not recover does not change the burden of proof which remains on the defendant. It simply means that in meeting that burden the defendant may use evidence from the plaintiff's

---

[1] Although not questioned by appellant, this last sentence deserves comment. It is an incorrect statement of the law as well as being in contradiction of the earlier correct statement in the charge that a negligent plaintiff cannot prevail if his negligence contributed to his injury "in any degree, however slight it may have been." In *Crane v. Neal*, 389 Pa. 329, 132 A. 2d 675 (1957), it was held that a charge that negligence on the part of the plaintiff would not bar recovery unless it was a proximate cause of the accident was reversible error, and that a negligent plaintiff cannot recover if his negligence "contributed in any degree, however slight, to the injury." *Id* at 333, 132 A. 2d at 677. *Accord, Criner v. Greco*, 190 Pa. Superior Ct. 316, 154 A. 2d 294 (1959).

own case. Such evidence may be sufficient to convict the plaintiff of contributory negligence without the production of any evidence by the defendant.[2]

In this case the plaintiff, in presenting his case against the defendant, admitted that he did not inspect his shoes before bowling the crucial frame although he knew of the danger resulting from moisture on his shoes and the presence of beverages in the area. These facts were not enough to convict plaintiff of contributory negligence as a matter of law, but they were enough to make plaintiff's contributory negligence a jury question.

The charge of the court makes no mention of the possibility that the facts in the plaintiff's case might be used to show his contributory negligence. In fact, a reading of the charge leaves the impression that the defendant must produce evidence of the plaintiff's contributory negligence from some other source. The last paragraph of the above quoted charge confirms this

[2] The comment following Restatement 2d, Torts, §477 is in accord. It reads as follows:

"If the plaintiff makes out a prima facie case, the defendant, if he relies upon the plaintiff's contributory negligence, must prove it. However, this does not necessarily mean that the defendant must produce evidence to this effect. The plaintiff's own evidence may so clearly show him to be guilty of contributory negligence as to require the trial court to direct a verdict for the defendant, or may be such that the jury would be warranted in finding for the defendant. Indeed it frequently happens that in proving the circumstances which show the defendant's prima facie liability the plaintiff is compelled to go so fully into the whole matter as to require the court or permit the jury to find him guilty of contributory negligence. If the evidence is such as to make the plaintiff's contributory negligence a question for the jury, the court on proper request will instruct the jury that they must render a verdict for the plaintiff unless they find from a preponderance of all the evidence, whether produced by the defendant or by the plaintiff or by both, that the plaintiff was guilty of negligence which contributed to his injury."

impression when it says, "Now, if you believe that by the fair preponderance of the evidence, and that the plaintiff was guilty of the conduct *attributed to him by the defendant's evidence,* then such conduct would be negligence." (Emphasis added.)

Under the circumstances of this case it was error for the court, upon the request of the defendant, not to charge that the jury could find against the plaintiff if in his case he revealed factors which convicted him of contributory negligence by the fair preponderance of the evidence.

Judgment reversed and a new trial granted.