378 A.2d 1294

**Dorothy CALHOUN**

v.

**JERSEY SHORE HOSPITAL, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 9, 1976.

Decided Oct. 6, 1977.

568

John M. Humphrey, Williamsport, with him Candor, Youngman, Gibson & Gault, Williamsport, for appellant.

Lester L. Greevy, Jr., Williamsport, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

SPAETH, Judge:

Dorothy Calhoun filed an action in trespass against Jersey Shore Hospital alleging that as a result of the hospital's negligence she had fallen in the hospital and suffered injuries to her back and right leg. The case was tried before a jury, and following a denial of the hospital's motion for compulsory nonsuit and directed verdict, the jury returned a verdict for Mrs. Calhoun in the amount of $12,000. The hospital filed a motion for judgment *non obstante veredicto* or new trial. The motion was denied, and this appeal followed.

-1-

█ The hospital contends that the lower court should have granted its motion for judgment n.o.v.

In considering a motion for judgment n.o.v., the evidence, together with all reasonable inferences capable of being drawn therefrom, must be viewed in the light most favorable to the verdict winner. *Flickinger Estate v. Ritsky*, 452 Pa. 69, 305 A.2d 40 (1973). The court must find and consider only that evidence which supports the verdict, and all conflicts must be resolved in favor of the prevailing party. *Moyer v. Ford Motor Co.*, 205 Pa.Super. 384, 209 A.2d 43, *allocatur refused*, 205 Pa.Super. xxxvii (1965). . . . In the present case, therefore, this Court must consider whether the evidence, reviewed in the light of these principles, can in any way support a finding of liability against appellant. *Winkler v. Seven Springs Farm, Inc.*, 240 Pa.Super. 641, 643–644, 359 A.2d 440, 441 (1976).

Mrs. Ruth E. Muhtler testified as follows. On April 25, 1974, at about 2:00 p.m. she visited a friend who was a patient on the second floor of the hospital. She observed that the hallway in front of her friend's room was being wet-mopped, and that the cleaning woman was progressing down the hall in the direction of the next room, where Mrs. Calhoun's husband was a patient. The floor was being wet-mopped from wall to wall and no dry spots were appar-

ent. N.T. 124. In order to enter the room Mrs. Muhtler walked on the wet floor and almost "tramped on her [the cleaning woman's] mop." N.T. 5. She went in, mentioned the condition of the floor to her friend, and remarked that "it would be a wonder if someone didn't fall." N.T. 5. No more than two minutes later, Mrs. Muhtler heard a commotion in the hallway. She stepped out of the room and saw Mrs. Calhoun being helped up off the floor. N.T. 6.

Mrs. Calhoun testified that as she left her husband's room, accompanied by a Reverend Brest, she started up the hall and suddenly was on the floor. N.T. 39–40.

Charles M. Hill, the hospital's executive housekeeper, testified that warning signs are always posted whenever a floor in the hospital is mopped, or even when a spill is cleaned up. N.T. 91–92. Mrs. Muhtler and Mrs. Calhoun testified that they did not see any warning signs. N.T. 28, 53.

From this testimony it may be seen that the gist of Mrs. Calhoun's complaint was that the hospital had negligently failed to warn her of an unreasonably dangerous condition or to protect her from such condition. *See* Restatement (Second) of Torts § 343 (1965).

In *Lenkiewicz v. Lange*, 242 Pa.Super. 87, 96, 363 A.2d 1172, 1177 (1976) (concurring opinion), Judge Hoffman described a plaintiff's burden by quoting the Supreme Court, as follows:

"[I]t is not necessary under Pennsylvania law, that every fact or circumstance point unerringly to liability; it is enough that there be sufficient facts for the jury to say reasonably that the preponderance favors liability. . . Also, it is beyond the power of the court to say whether two or more reasonable inferences are 'equal.' . . . The facts are for the jury in any case whether based upon direct or circumstantial evidence where a reasonable conclusion can be arrived at which would place liability on the defendant. It is the duty of plaintiff to produce substantial evidence which, if believed, warrants the verdict he seeks."

*Smith v. Bell Telephone Co. of Pennsylvania,* 397 Pa. 134, 138, 153 A.2d 477, 480 (1959).

It is of course true that the mere happening of an accident is not evidence of negligence. *Amon v. Shemaka,* 419 Pa. 314, 214 A.2d 238 (1965). It is also true that evidence that a floor is wet, without more, is not evidence of negligence. *Burton v. Horn & Hardart Baking Co.,* 371 Pa. 60, 88 A.2d 873 (1952). These general propositions, however, are not dispositive of this case. Here the jury could, and evidently did, find the following: First, from Mrs. Muhtler's testimony, that the floor was wet and slippery; second, from Mrs. Muhtler's and Mrs. Calhoun's testimony, that Mrs. Calhoun fell on the wet and slippery floor; and third, partly by accepting Mr. Hill's testimony and partly by rejecting it, that the hospital knew that when wet the floor became so slippery that it was dangerous to walk on and yet despite this knowledge, the hospital failed to put up any warning signs. *See Burton v. Horn & Hardart Baking Co., supra,* distinguishing *Flora et ux. v. Great Atlantic & Pacific Tea Company,* 330 Pa. 166, 198 A. 663 (1911), and *Brand v. Donahoe's Incorporated,* 357 Pa. 474, 55 A.2d 362 (1947).

As the dissent acknowledges, "[i]t is not necessary that Plaintiff prove with mathematical exactness that the accident could only have been caused in one manner to the exclusion of all other possibilities (*Finney v. G. C. Murphy Co.,* 406 Pa. 555, 178 A.2d 719 (1962)), but he must eliminate those other causes, *if any, as were fairly suggested by the evidence.*" [citations omitted] *Cuthbert v. Philadelphia,* 417 Pa. 610, 615, 209 A.2d 261, 263–64 (1965) (emphasis added). Here there was no cause fairly suggested by Mrs. Calhoun's evidence other than that the hospital had failed to warn her of a dangerously slippery wet floor. The jury did not have to accept this suggestion, for it did not have to accept Mrs. Calhoun's evidence. For example, the jury might have disbelieved Mrs. Calhoun and Mrs. Muhtler and have believed Mr. Hill and Rosalie Eckenstine, the cleaning woman, therefore finding (as Mr. Hill and Mrs. Eckenstine in effect claimed) that since no warning signs had been put

up, the floor could not have been wet. How the evidence should be regarded, however, was for the jury to decide, for as Judge Van der Voort has observed:

> "[A] nonsuit can be entered only when it is inconceivable, on any reasonable hypothesis, that a mind desiring solely to reach a just and proper conclusion in accordance with the relevant governing principles of law, after viewing the evidence in the light most advantageous to the plaintiff, could determine in his favor the controlling issues involved."

*McMillan v. Mt. Laurel Racing*, 240 Pa.Super. 248, 251–2, 367 A.2d 1106, 1107 (1976) quoting *Borisoff v. Penn Fruit Company*, 165 Pa.Super. 572, 574, 69 A.2d 167, 168 (1949).

–2–

The hospital also contends that the trial judge erred in charging the jury on contributory negligence, and that it should therefore be granted a new trial. The hospital concedes that the judge charged that it had the burden of proving contributory negligence, but it contends that the judge failed to instruct the jury that if Mrs. Calhoun showed by her own evidence that she had been contributorily negligent, she could not recover.

 The plaintiff does not have to make out a case free of contributory negligence, for that would be equivalent to placing the burden on the plaintiff. *Argo v. Goodstein*, 438 Pa. 468, 265 A.2d 783 (1970); *Heimbach v. Peltz*, 384 Pa. 308, 121 A.2d 114 (1956). An instruction to this effect would therefore be reversible error. *Stegmuller v. Davis*, 408 Pa. 267, 182 A.2d 745 (1962); *Brown v. Jones*, 404 Pa. 513, 172 A.2d 831 (1961). However, it is proper to instruct the jury that if it finds contributory negligence in the plaintiff's case, it should find for the defendant. *Brown v. Jones, supra* ; *Nelson v. Barclay Motors, Inc.*, 414 Pa. 633, 202 A.2d 48 (1964). An instruction to this effect does not shift the burden of proof, which remains on the defendant. While evidence from the plaintiff's case may establish contributory negligence without the production of any evidence by the

defendant, *Matteo v. Sharon Hill Lanes, Inc.*, 216 Pa.Super. 188, 263 A.2d 910 (1970), the burden must remain on the defendant.

■ At the close of the charge, counsel for the hospital noted the following exception:

Now, the second point that I'm concerned about the charge is that my recollection is that the contributory negligence charge is that the Plaintiff's case must be free of contributory negligence, and that part of the contributory negligence charge is not included. You have placed the burden on the Defendant, by the preponderance of the evidence to prove that, but the Plaintiff's case may have contributory negligence in and of itself, and there is no burden for the Defendant in that case.

N.T. 139.

Counsel's first sentence seems to request that the court charge that the plaintiff's case must be free of contributory negligence; as has been discussed, such a request would be properly refused. Counsel's statement in his second sentence, "Plaintiff's case may have contributory negligence", was proper, but his follow-up, "there is no burden for the Defendant in that case", was not. However, for the purpose of decision, we shall read counsel's statement as a request that the jury be instructed that it could find contributory negligence from the plaintiff's case as well as from the defendant's. Apparently this is the way the trial judge understood counsel, for following the statement, this colloquy occurred:

THE COURT: You are saying that they should consider not just your evidence but all the evidence.

MR. GAULT: All the evidence.

N.T. 139.

During the charge the judge said: "You must, therefore, determine whether the Plaintiff was negligent, in that as an ordinarily prudent person, *under all of the circumstances present*, she failed to exercise reasonable care for her own protection." N.T. 134 (emphasis added). Later in the

charge the judge said: "If, after *considering all of the evidence*, you are unable to decide whether or not a fact occurred or not, then you would have to resolve that issue against the person having the burden of proof on that issue." N.T. 135 (emphasis added). It therefore appears that counsel's request that the jury be instructed to consider all of the evidence was complied with.

Affirmed.

PRICE, J., files a dissenting opinion.

PRICE, Judge, dissenting:

On April 25, 1974, appellee Dorothy Calhoun visited her husband at appellant Jersey Shore Hospital. She was accompanied by the Reverend Robert Brest. While walking in the hallway after leaving her husband's room, Mrs. Calhoun fell and injured her back and right leg. A jury awarded her a verdict of $12,000.00 against the appellant. I would reverse the judgment of the lower court because the evidence is insufficient to establish a cause of action for negligence against the hospital.

Mrs. Ruth Muhtler, appellee's next door neighbor, testified that on April 25, 1974, she visited her daughter and Clarence Groover, both patients at Jersey Shore Hospital. At approximately 2:00 p.m., she entered Mr. Groover's room. As she did so, she noticed that an employee of the hospital was "wet-mopping" the hallway, and she prophetically remarked to Mr. Groover that "it would be a wonder if someone didn't fall." Minutes later, Mrs. Muhtler heard a commotion in the hallway. She left Mr. Groover's room and observed Mrs. Calhoun being helped from the floor where she had fallen. Mrs. Muhtler had observed no signs warning of the condition of the floor.

Reverend Brest testified that as he and Mrs. Calhoun left Mr. Calhoun's room, Mrs. Calhoun fell. He did not know the cause of her fall. Mr. Brest testified that the floor was shiny and very smooth, and that,

"I wouldn't walk normally on a floor like that, as I would walk on other floors because it gave to me the appearance that it—you just wouldn't walk on it normally." [1]

Mrs. Calhoun also testified to the smooth and shiny condition of the floor. She did not testify that the floor was slippery, nor did she testify to the cause of her fall.

After a motion for compulsory non-suit was denied, appellant's case was presented. Testimony was elicited that the hospital floor was made of vinyl asbestos. It was maintained at the time of Mrs. Calhoun's injury with a product called "Vintage," which was an institutional waxing agent and cleaner with non-skid properties. A floor maintained with Vintage or a similar product, even when wet, would be less slippery than an unmaintained floor.

Rosalie Eckenstine, the housekeeper responsible for cleaning and maintaining the floor upon which Mrs. Calhoun fell, testified that she had no independent recollection of the events of April 25, 1974. However, she testified that it was the hospital's strict policy, from which she never deviated, to erect cautionary signs in a hallway that was being cleaned.

Appellee's theory of liability in this case is that appellant negligently failed to warn her of an unreasonably dangerous condition or to put the premises in a reasonably safe condition. *See Pushnik v. Winky's Drive In Restaurants, Inc.*, 242 Pa.Super. 323, 363 A.2d 1291 (1976); *Restatement (Second) of Torts* § 343 (1965). Recently, the supreme court, in *Gilbert v. Korvette's Inc.*, 457 Pa. 602, 327 A.2d 94 (1974), clarified the law in Pennsylvania which has long permitted the elements of a cause of action for negligence to be established by circumstantial evidence. *Cuthbert v. Philadelphia*, 417 Pa. 610, 209 A.2d 261 (1965); *Smith v. Bell Telephone Co.*, 397 Pa. 134, 153 A.2d 477 (1959); *Paul v. Hess Bros., Inc.*, 226 Pa.Super. 92, 312 A.2d 65 (1973).

In building a framework with which to analyze the issues in this case, it is useful preliminarily to examine and distin-

---

1. Reverend Brest also testified that the floor was slippery. However, this testimony was subsequently stricken when Reverend Brest admitted that he had no basis for such a conclusion.

guish a parallel situation. In products liability cases, it is well established that evidence of a malfunction is circumstantial proof of a defect. *Cornell Drilling Co. v. Ford Motor Co.*, 241 Pa.Super. 129, 359 A.2d 822 (1976). This is because an inanimate product does not normally malfunction in the absence of a defect. *MacDougall v. Ford Motor Co.*, 214 Pa.Super. 384, 257 A.2d 676 (1969). However, this rule of evidence does not permit an accident to be circumstantial proof of negligence. Unfortunately, accidents do happen.

Therefore, Pennsylvania courts have properly required more than evidence of an accident to prove negligence. "[T]he mere happening of an accident is no evidence of negligence and does not raise a presumption of negligence." *Winkler v. Seven Springs Farm, Inc.*, 240 Pa.Super. 641, 647, 359 A.2d 440, 443 (1976). The event must be "of a kind which ordinarily does not occur in the absence of negligence." *Restatement (Second) of Torts* § 328 D.(1)(a) (1965). *See also Amon v. Shemaka*, 419 Pa. 314, 214 A.2d 238 (1965).

To prove causation by circumstantial evidence, the plaintiff need not "prove with mathematical exactness that the accident could only have been caused in one manner to the exclusion of all other possibilities . . . but he must eliminate those other causes, if any, as were fairly suggested by the evidence . . . ." *Cuthbert v. Philadelphia*, 417 Pa. at 614–15, 209 A.2d at 263–64. "[A] jury cannot be permitted to return a verdict based on speculation and not supported by adequate evidence or reasonable inferences." *Winkler v. Seven Springs Farm, Inc.*, 240 Pa.Super. at 646, 359 A.2d at 442. "[O]ther responsible causes, including the conduct of the plaintiff and third persons . . . [must be] sufficiently eliminated by the evidence." *Restatement (Second) of Torts* § 328 D.(1)(b) (1965).

In this case, the only evidence of negligence and causation is the fact of appellee's fall *combined* with Mrs. Muhtler's testimony that the floor was wet before appellee fell. The jury could reasonably have inferred that the floor was wet when appellee fell. However, evidence that a floor was wet, without more, is not evidence of negligence. *Burton v. Horn*

*& Hardart Baking Co.*, 371 Pa. 60, 88 A.2d 873 (1952). Therefore, the jury could not infer negligence unless appellee adduced evidence that the floor was unreasonably dangerous. However, there is no evidence in this case that the floor was dangerous. Not one of appellee's witnesses testified that the floor was slippery.

It might be contended that the fact of appellee's fall, together with evidence that the floor was wet, is evidence of the floor's dangerous condition. This argument assumes that appellee fell because of the wet, slippery condition of the floor. However, appellee has not sufficiently eliminated other possible explanations for the accident. People fall for many reasons. There is no evidence in this case that appellee feel because of a wet floor. Indeed, one of appellant's witnesses testified that a floor of the type used by appellant, even when wet, is less slippery than a normal floor. To allow the jury in this case to infer that appellee's fall was caused by a wet floor would be tantamount to allowing the jury to speculate among plausible solutions. This is impermissible. *See Lenkiewicz v. Lange*, 242 Pa.Super. 87, 363 A.2d 1172 (1976); *Restatement (Second) of Torts* § 328 D. comment on clause (a) of subsection (1) (1965).

To simplify, appellee seeks to have the jury infer that the floor was slippery because she fell; simultaneously, she seeks to have the jury infer that she fell because the floor was slippery. I do not believe that two impermissible inferences can be used as evidence in support of each other.

Because appellee failed to produce sufficient evidence to establish a cause of action for negligence against appellant, I would reverse the judgment of the lower court.