411 A.2d 794

**Earl McCULLOUGH**

v.

**The MONROEVILLE HOME ASSOCIATION, POST 820, INC., a corporation, Appellant.**

Superior Court of Pennsylvania.

Argued April 10, 1979.

Filed Oct. 12, 1979.

Reargument and Reconsideration Denied Jan. 18, 1980.

C. S. Fossee, Pittsburgh, for appellant.

John J. Morgan, Pittsburgh, for appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The instant appeal arises after the entry of a judgment by a lower court, following a jury verdict in favor of the Plaintiff-Appellee and the denial of a Motion for New Trial and Motion for Judgment N.O.V., filed by the Defendant-

Appellant. The action arose out of an accident wherein the Appellee, Earl McCullough, sustained injuries on January 6, 1974 as a result of a fall in the premises of the Appellant.

On this appeal, Appellant contends that the lower court committed error on several grounds. Of particular significance is the claim that the lower court erred in not submitting to the jury the issue of whether the Plaintiff-Appellee was contributorily negligent in the fall. We find that claim to be meritorious.

At trial, the Appellee testified that on January 6, 1974 he was spending a social evening in the American Legion facility operated by the Appellant in Monroeville, Pennsylvania. At approximately 11:00 p. m. the Appellee decided to use the men's room facilities at the premises. He put on his coat and walked across a dance floor located in the premises and thereafter entered the men's room. After entering, he noticed that he had stepped in water which had accumulated on the floor of the men's room. He was wearing leather soled shoes which became wet at the time. He testified that there was water on the floor inside the restroom. He had not noticed water on the floor outside the door leading into that room prior to his fall, but he did notice it afterward. He testified that he was not paying much attention as he entered the men's room. Testimony shows the area was either not lighted or dimly lighted. Appellee testified he did not want to walk through the water any more than was necessary, but that he couldn't avoid passing through it in the men's room. After making use of the facilities, the Appellee came out of the men's room, took a few steps across the dance floor, and then slipped and fell. In the fall, he suffered several bodily injuries. After falling, he noticed water on his trousers.

Other witnesses testified that the condition of water on the floor of the Appellant's premises had been present for a period of time prior to the accident, and that it was present on the date of the accident. Appellee's companion on the evening of his accident testified that he also made use of the men's room facilities and that his shoes became wet and

slippery upon leaving the men's room. Another witness for Appellee indicated that she had been on the premises earlier on the evening of the accident and had no difficulty observing a puddle of water in front of the men's room door. She stated that one could see the water without any trouble, although the dance floor area was dark or dimly lighted.

At the close of all of the evidence, the lower court refused the Appellant's Motion for A directed Verdict and further refused to charge the jury on the issue of contributory negligence. The jury returned a verdict of $26,000 in favor of the Appellee. After the denial of Motions for a New Trial and Judgment N.O.V., the instant appeal was filed.

▮▮▮ We believe that the lower court erred in refusing to allow the jury to consider the issue of possible contributory negligence by the Appellee. It is clear that a defendant has the burden of establishing a plaintiff's contributory negligence. *Calhoun v. Jersey Shore Hospital*, 250 Pa.Super. 567, 378 A.2d 1294 (1977). However, if there is some evidence of contributory negligence produced in *any* of the evidence, whether offered by a plaintiff or defendant, it is reversible error not to charge the jury on the issue, when requested to do so by the defendant. *Matteo v. Sharon Hill Lanes, Inc.*, 216 Pa.Super. 188, 263 A.2d 910 (1970). We have held that where there is *any* evidence which alone could justify an inference of a disputed fact, such dispute *must* go to the jury, no matter how strong or persuasive may be the countervailing proof. See *Smith v. Port Authority Transit*, 257 Pa.Super. 66, 71, 390 A.2d 249, 251 (1978); see also *Heffernan v. Rosser*, 419 Pa. 550, 554–55, 215 A.2d 655, 657 (1966). In the instant case, the Appellee testified that he failed to notice a pool of water outside of the men's room in the location where he fell. Other witnesses noticed that water. Another witness testified that his shoes were slippery when he left the men's room. While the evidence of the Appellant's negligence was certainly strong, the record does permit a possible inference that the Appellee was unobservant or otherwise negligent in the circumstances leading to his fall. In such circumstances, the lower court improperly

denied the Appellant's request to submit the issue of contributory negligence to the jury. Appellant is therefore entitled to a new trial.

Reversed and remanded for new trial.

HESTER, J., filed a dissenting statement.

HESTER, Judge, dissenting:

Being of the opinion that there was insufficient evidence of appellee's contributory negligence to require the submission of that issue to the jury, I would affirm on the Opinion of Judge Finkelhor of the court below.