## Szapowalo v. Hechinger Co.

560

C.P. of Bucks County, no. 93-08868-20-2.

*Kenneth M. Rodgers,* for plaintiffs.
*W. Kelly McWilliams,* for defendant Hechinger Co.
*Maureen E. Hailey,* for defendant A.A.A. Maintenance Inc.

McANDREWS, *J.,* March 25, 1996—This matter is before the court for disposition of plaintiffs' motion for post-trial relief. Specifically, plaintiffs have requested a new trial in this case, alleging that the court erred in entering a compulsory nonsuit for the defendants, and in precluding certain expert testimony during trial. For the reasons set forth below, plaintiffs' motion for post-trial relief is denied.

Plaintiffs Susan and Victor Szapowalo instituted this personal injury action against the defendants in Philadelphia County in May of 1991. Venue was transferred

to Bucks County as of October 1993, and the case was called to trial before this court and a jury on October 23, 1995. Trial testimony commenced on October 24, 1995, with the testimony of plaintiff Susan Szapowalo. She testified that she was involved in a slip and fall accident at a Hechinger's store in Feasterville, Pennsylvania, in November of 1989. The accident occurred when she arrived at the store on a rainy afternoon and was entering the store. More specifically, plaintiff indicated that she first walked across the parking lot towards the store entrance, noting that the outside of defendant Hechinger's store had a canopy covering the sidewalk just outside of the entrance door. Plaintiff next testified that, as she walked through the door opening, she encountered an elderly woman just in front of her who apparently had stopped to check her pocketbook for belongings. At that point, plaintiff did not wait for the woman in front of her to move forward. Instead, plaintiff attempted to walk around her and, in doing so, stepped off of the carpet mat inside the doorway. Plaintiff stepped onto the tile floor and fell to the ground. This litigation followed, with plaintiffs pursuing claims against defendant Hechinger as well as defendant A.A.A. Maintenance Company. Defendant A.A.A. Maintenance is involved in this case because it has treated, or finished, the tile floors at the store.

It is axiomatic for purposes of this motion that all evidence presented by the plaintiffs must be taken as true. A nonsuit can only be granted in cases where it is clear that the plaintiff has failed to establish a cause of action. *Coatesville Contractors & Engineers Inc. v. Ridley Park,* 509 Pa. 553, 506 A.2d 862 (1986). Plaintiff must be given the benefit of all the favorable

evidence, along with all reasonable inferences of fact arising from that evidence, and resolving any conflicts in the evidence in favor of the plaintiff. *Morena v. South Hills Health System,* 501 Pa. 634, 462 A.2d 680 (1983).

The issues before the court in disposing of plaintiffs' motion for post-trial relief are: (1) whether the court properly precluded the plaintiffs' expert testimony of Mr. Gray Smith regarding the conditions of the tile floor on which plaintiff fell; and (2) whether the court properly entered a compulsory nonsuit in favor of the defendants and against the plaintiffs based upon the evidence presented during the trial of this case.

While the law is clear that a store owner does owe a duty of care to the patrons of his store, that owner is not, however, an insurer of the safety of his customers. *Myers v. Penn Traffic Co.,* 414 Pa. Super. 181, 184-85, 606 A.2d 926, 928 (1992), *allocatur denied,* 533 Pa. 625, 620 A.2d 491 (1993). "[T]he mere existence of a harmful condition in a public place of business or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence." *Moultrey v. Great A & P Tea Company,* 281 Pa. Super. 525, 530, 422 A.2d 593, 596 (1980); see also, *Calhoun v. Jersey Shore Hospital,* 250 Pa. Super. 567, 378 A.2d 1294 (1977).

Under Pennsylvania law, the duty of care owed by store owners or other possessors of land is set forth by the Restatement (Second) of Torts §343, which provides that:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

"(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

"(c) fails to exercise reasonable care to protect them against the danger."

In this case, the record established that plaintiffs' claim in support of a breach of the duty of care owed by defendants was not based upon facts, but rather upon mere speculation. As such, the court determined that the defendants were appropriately entitled to a compulsory nonsuit. More specifically, plaintiff Susan Szapowalo conceded in this case that there were two floor mats inside the store entrance at the time of her accident. Plaintiff testifies that she came into the store on a rainy afternoon, presumably wearing wet shoes, and chose to step off of the floor mats provided at the entrance and onto the tile floor, where she fell. Plaintiffs have attempted to argue, without success, that defendant Hechinger's was negligent by apparently not doing more than putting down floor mats. The record, however, does not support such a theory. To the contrary, plaintiff acknowledged that there was no wetness nor debris in the area where she fell. She also believed that her sneakers may have been wet after walking through a wet parking lot. Additionally, plaintiffs pre-

sented no evidence of prior problems at the store concerning customers slipping on the tile floor; nor was there any indication that the defendants knew or should have known of any such problem regarding a dangerous condition. These facts simply do not meet the standards set forth under section 343 of the Restatement (Second) of Torts, nor under the applicable body of Pennsylvania case law on this issue. Plaintiffs cannot successfully make out a claim for liability based upon the theory that the defendants should have foreseen that plaintiff would hurriedly walk around another store patron, off of the two provided floor mats, and onto the tile floor with wet sneakers. The court could not accept such a speculative theory and, accordingly, entered a nonsuit in favor of the defendants.

The next issue presented by plaintiffs' motion for post-trial relief concerns the court's preclusion of plaintiffs' expert testimony, which was to be offered by Mr. Gray Smith. Mr. Smith was to testify about the findings of his report dated January 17, 1994, concerning the conditions on the floor area where plaintiff had fallen. However, a reading of Mr. Smith's report revealed that the majority of his opinions were based upon assumptions which contradicted actual trial testimony. In particular, Mr. Smith concluded that the area where plaintiff fell had been wet before she approached it, essentially stating that plaintiff fell as a result of existing water accumulation on the store's floor. Such circumstances, in Mr. Smith's opinion, should have caused defendant to provide additional mats or barriers or warning signs. These conclusions, however, contradict the testimony heard by the court at trial. Specifically, plaintiff testified that there was no debris on the floor, nor any wet spots, as she approached the floor surface. Accordingly, the

court precluded these opinions, which were based, in large part, upon improper assumptions and were offered without foundation.

Additionally, the court precluded the alternative proposed expert testimony of Mr. Smith regarding the product used by defendant A.A.A. Maintenance Company to coat or finish the tile floor in question. Plaintiffs sought to have Mr. Smith testify that the coefficient of friction for the product when used on the tile surface under normal conditions was satisfactory, but that with the introduction of water tracked onto the floor surface by wet shoes, the coefficient of friction was not sufficient. Firstly, counsel for the defendants properly argued that such testimony was still based on the assumption that the floor was wet, even though such was not the evidence presented at trial. More importantly, though, for Mr. Smith to have testified regarding the changes in the coefficient of friction depending on whether or not the floor was wet or dry, he would have had to have engaged in some type of testing of the surface. That is, the court could not accept these opinions without some form of testing to substantiate and provide foundation for these conclusions. Because there was no testing performed, however, plaintiffs' expert had no foundation to support his conclusions. As such, the court precluded Mr. Smith's proposed testimony on this issue.

For the foregoing reasons, the court denies plaintiffs' motion for post-trial relief and enters the following order:

## ORDER

And now, March 25, 1996, it is hereby ordered and directed that plaintiffs' motion for post-trial relief be and is hereby denied.