508 A.2d 1241

**David WEISER**

v.

**BETHLEHEM STEEL CORPORATION**

v.

**FABRICATED STEEL ERECTION COMPANY. (Two Cases)**

Appeal of **BETHLEHEM STEEL CORPORATION. (Three Cases)**

**David WEISER**

v.

**BETHLEHEM STEEL CORPORATION**

v.

**FABRICATED STEEL ERECTION COMPANY,** additional defendant.

Superior Court of Pennsylvania.

Argued Oct. 29, 1985.

Filed May 5, 1986.

John H. McKeon, Jr., Philadelphia, for appellant.

Bernard Edelson, Philadelphia, for Weiser, appellee.

J. Davy Yockey, Philadelphia, for Fabricated, appellee.

Before WICKERSHAM, BECK, and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of the lower court finding in favor of appellee, David Weiser, an employee of appellee, Fabricated Steel Erection Company (Fabricated Steel), in the amount of $162,559. Appellant, Bethlehem Steel Corporation (Bethlehem Steel), contends that the lower court erred in finding that it was negligent and, thus, liable to Weiser.[1] We agree and, therefore, vacate the judgment for Weiser, reverse the lower court's order denying Bethlehem Steel's motion for judgment n.o.v., and enter judgment for Bethlehem Steel.

On July 12, 1974, David Weiser was injured when he fell down a temporary elevator shaft from the twelfth floor of a high-rise office building under construction in Philadelphia, Pennsylvania. The general contractor for the project was Aberthaw Construction Company (Aberthaw). Aberthaw had subcontracted to Bethlehem Steel the job of erecting the structural steel frame of the building, a job that was performed in two-story sections. In connection with its duties, Bethlehem Steel was required to maintain two floors of temporary planking below its operations, both to protect its own workers from falling and to protect other workers

---

1. Bethlehem Steel also contends that the lower court erred in failing to make findings of fact and conclusions of law concerning its cross-claim for contribution and/or indemnity against appellee, Fabricated Steel. Because of our disposition of this case, we find it unnecessary to address this issue.

from its operations (*e.g.,* falling objects).[2] Planks were placed on the floor at the base of Bethlehem Steel's operations and on the second floor below that one. As the erection of each two-story tier was completed, Bethlehem Steel removed the lowest floor of planking and placed it on the highest completed floor, which then became the base for erecting the next two stories of steel. On the morning of Weiser's accident, Bethlehem Steel completed removal of the wooden planks on the twelfth floor and transferred them to a higher floor. Once the planking had been removed, it was the job of another subcontractor, appellee, Fabricated Steel, to cover the open floor with permanent metal decking. Weiser was an employee of Fabricated Steel, and his job was to spread the metal decking on the floor and weld it to the structural steel.

At the time of the accident, a temporary personnel elevator had been installed only as high as the tenth floor of the building. As higher floors were completed, the elevator was to be extended upwards, and, accordingly, metal decking was not spread over the elevator shaft on the eleventh and twelfth floors. While Weiser was welding decking on the twelfth floor, near the area where the elevator was to be installed, he slipped and fell down the elevator shaft. He landed on top of the elevator car, which was at the first floor, and sustained injuries to his back and left foot.

On September 17, 1975, Weiser filed a complaint in trespass against Bethlehem Steel alleging that it had acted negligently in removing the planking over the elevator shaft on the twelfth floor. Bethlehem Steel then filed a cross-complaint joining Weiser's employer, Fabricated Steel, as an additional defendant in order to seek contribution and indemnity.[3] Following a lengthy non-jury trial, the lower

---

**2.** Both federal construction safety regulations, *see* 29 C.F.R. §§ 1926.-105(a), .750, and Bethlehem Steel's contract with Aberthaw, *see* Agreement between Aberthaw and Bethlehem Steel, Exhibit F at 2, required the installation of such planking.

**3.** Because Weiser's injuries were sustained before the February 5, 1975 amendment of § 303 of the Pennsylvania Workmen's Compensation Act, *codified at* 77 P.S. § 481(b), joinder of Weiser's employer was

court entered an order on August 1, 1984, finding that Bethlehem Steel had negligently removed the planking over the elevator shaft area and awarding Weiser $110,000.[4] Post-trial motions for a new trial and judgment n.o.v. were timely filed and denied, and, on July 9, 1985, the order was reduced to judgment.[5] This appeal followed.[6]

Bethlehem Steel contends that the lower court erred in finding that it was negligent. The elements of a cause of action for negligence are as follows:

1. A duty or obligation, recognized by the law, requiring the person to conform to a certain standard of conduct, for the protection of others against unreasonable risk.

2. A failure on the person's part to conform to the standard required: a breach of the duty....

3. A reasonably close causal connection between the conduct and the resulting injury. This is what is commonly known as "legal cause" or "proximate cause," and which includes the notion of cause in fact.

permissible. *See Bell v. Koppers Co., Inc.,* 481 Pa. 454, 392 A.2d 1380 (1978).

4. The lower court did not decide the issues raised in Bethlehem Steel's cross-claim against Fabricated Steel.

5. The judgment, for $162,559, included $52,559 in delay damages.

6. Bethlehem Steel filed a notice of appeal from the lower court's finding in favor of Weiser. This order is not appealable, *see Fernandes v. Warminster Municipal Authority,* 296 Pa.Superior Ct. 523, 442 A.2d 1174 (1982), so we will quash the appeal filed at No. 1007 PHL 85. Appellant also filed a notice of appeal from the order denying its post-trial motions. Although this order was also not appealable when the notice of appeal was filed, *see* Pa.R.A.P. 301(c); *Buck v. Scott Township,* 325 Pa.Superior Ct. 148, 472 A.2d 691, 692-93 (1984), it was treated as appealable once judgment was entered on the docket. *See* Pa.R.A.P. 905(a) ("a notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof"). Therefore, the appeal docketed at No. 1008 PHL 85 is properly before us. Appellant also filed a notice of appeal from the entry of judgment. Although that order was also appealable, the notice of appeal filed from that order was superfluous in the instant case. Accordingly, we quash the appeal filed at No. 2067 PHL 85.

4. Actual loss or damage resulting to the interests of another....

W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser & Keeton on Torts* § 30 at 164–65 (5th ed. 1984) (footnotes omitted). *See also Morena v. South Hills Health System,* 501 Pa. 634, 642 n. 5, 462 A.2d 680, 684 n. 5 (1983); *Macina v. McAdams,* 280 Pa.Superior Ct. 115, 120, 421 A.2d 432, 434 (1980); *cf.* Restatement (Second) of Torts (Restatement) § 281 (1965). In the instant case, we are concerned only with the first three elements: whether Bethlehem Steel owed and breached a duty to Weiser and whether any such breach caused his injury.

We must first determine whether Bethlehem Steel owed a duty to Weiser and whether that duty was breached. Bethlehem Steel initially argues that its contract with Aberthaw imposed no duty to leave planking over the elevator shaft. We agree. That contract required Aberthaw to "[f]urnish and install decking or temporary planking on all floors, *elevator shafts* and other openings when required *except* for the two floors of temporary planking which will be provided *and removed* by [Bethlehem Steel] as working floors for structural steel erection." *See* Agreement between Aberthaw and Bethlehem Steel (Agreement), Exhibit F at 2 (emphasis added). Thus, Bethlehem Steel's planking duties were restricted to providing working floors while erecting structural steel, and Aberthaw assumed responsibility for covering the elevator shafts.

Weiser argues, nevertheless, that Bethlehem Steel did have a contractual duty to cover the shaft opening and cites part of the general safety provision contained in Bethlehem Steel's contract with Aberthaw: "[Bethlehem Steel] further agrees to provide such protection as is necessary to protect the workmen of [Aberthaw] and other subcontractors directly from its operations." *See* Agreement at 6. We find this argument unpersuasive. When interpreting a contract, specific provisions will be construed to qualify the meaning of broad general terms with regard to a particular subject. *In re: Alloy Manufacturing Co.*

*Employees Trust,* 411 Pa. 492, 496, 192 A.2d 394, 396 (1963); *Metzger v. Clifford Realty Corp.,* 327 Pa.Superior Ct. 377, 388, 476 A.2d 1, 6 (1984). Here, Aberthaw specifically undertook the task of furnishing planking over the elevator shafts, thus relieving Bethlehem Steel of any arguable duty to do so under the general safety clause. We therefore find that Bethlehem Steel had no contractual duty to cover the area over the open elevator shaft.

■ This finding, however, does not end our inquiry into whether Bethlehem Steel had a duty to protect Weiser. A party to a contract has two duties: a contractual duty and a legal duty to act without negligence towards both the other party to the contract and third parties. *See Prost v. Caldwell Store, Inc.,* 409 Pa. 421, 425, 187 A.2d 273, 277 (1963); *Bisson v. John B. Kelly, Inc.,* 314 Pa. 99, 110, 170 A. 139, 143 (1934); *St. Clair v. B & L Paving Co.,* 270 Pa.Superior Ct. 277, 279, 411 A.2d 525, 526 (1979).

■ In order to ascertain the extent of Bethlehem Steel's legal duty to Weiser, we must first establish the relationship between the two. Under Pennsylvania law, one who constructs a building or creates a condition on behalf of a possessor of land has the same liability as a possessor of land for physical harm caused to others by the dangerous character of the building or condition while it is in his control. *See* Restatement § 384; *McKenzie v. Cost Brothers, Inc.,* 487 Pa. 303, 307–08, 409 A.2d 362, 364 (1979) (noting that Pennsylvania has adopted § 384).

> A possessor of land may put a number of persons severally in charge of the particular portions of the work of erecting a structure or creating any other condition upon the land. Again, a general contractor employed to do the whole of the work may, by the authority of his employer, sublet particular parts of the work to subcontractors. In such a case, the rule stated in [section 384] applies to subject the particular contractor or subcontractor to liability for only such harm as is done by the particular work entrusted to him.

Restatement § 384 comment d. *See Duffy v. Peterson*, 386 Pa. 533, 539, 126 A.2d 413, 416 (1956) (relying upon § 384 comment d). Thus, Bethlehem Steel had the liability of a possessor of land with respect to harm done by that portion of the work which it had subcontracted to perform, erecting the building's structural steel frame.

In delineating the duties owed by contractors on a construction site, our courts have held that a subcontractor owes to the employees of other subcontractors on the same site the standard of care due to a business visitor from a possessor of land. *See McKenzie v. Cost Brothers, Inc.*, *supra*, 487 Pa. at 307, 409 A.2d at 364. That duty of care is defined as follows:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

Restatement § 343. *See McKenzie v. Cost Brothers, Inc.*, *supra*, 487 Pa. at 308, 409 A.2d at 364 (noting that Pennsylvania has adopted § 343). Applying these principles to the instant case, we find that Bethlehem Steel had the duty to exercise reasonable care to protect Weiser from harm which might be done to him by dangerous conditions in the work Bethlehem Steel had subcontracted to perform if Weiser was not likely to discover or protect himself against those conditions.

The question then arises whether Bethlehem Steel created a dangerous condition in the performance of its contractual duties. We think not. Bethlehem Steel's duties were confined to erecting the building's structural steel. In connection with those duties, it laid planking on alternate

floors, both to serve as a working floor for erecting the steel and to prevent falls by Bethlehem Steel's employees and the materials they were using. The removal of the planking from the twelfth floor, however, did not create the dangerous condition which caused Weiser's injury. That condition had already been created by Aberthaw, the general contractor, and existed both before and after Bethlehem Steel performed its contractual duties.

Aberthaw was the operator of the temporary elevator. *See* Agreement, Exhibit H at 1. As such, it had contractual, *see id.*, Exhibit F at 2, and legal [7] duties to cover the elevator shaft. At the time of the accident, the temporary elevator had been installed up to the tenth floor. Pursuant to Aberthaw's directions, openings were left in the metal decking on the eleventh and twelfth floors for the elevator's extension upwards, but no protective covering had been placed over those openings. By failing to cover the top of the elevator shaft at the tenth floor, Aberthaw created a dangerous condition for anyone working over the shaft on higher floors.[8] Thus Aberthaw, not Bethlehem Steel, created the dangerous condition in the course of its operations, and Aberthaw had a duty to protect others from that condition.

■ Even if we were to take an expansive view of Bethlehem Steel's operations, as Weiser urges, and find that Bethlehem Steel's removal of the planking over the elevator shaft, in conjunction with Aberthaw's failure to cover the shaft, resulted in a dangerous condition on the twelfth

7. By failing to cover the elevator shaft, Aberthaw breached its duty to exercise reasonable care to protect employees on the construction site from a dangerous condition which it created and controlled and against which, although obviously dangerous, the employees were unlikely to protect themselves. *See* Restatement §§ 343, 383 & comment d. As indicated by testimony adduced at trial, Weiser and the other metal deckers were unable to wear safety lines or other restraining devices while performing their jobs. *See, e.g.*, N.T. June 25, 1984 at 31–32; N.T. June 27, 1984 at 22–23; N.T. July 13, 1984 (afternoon) at 28.

8. Workers on the tenth floor and below were protected by cages that Aberthaw had installed around the perimeter of the elevator shaft on those floors.

floor, we do not believe that such a finding would compel the conclusion that Bethlehem Steel had violated a duty to Weiser. At the time of the accident, Bethlehem Steel had completed its operations on the twelfth floor, and Fabricated Steel's employees were the sole occupants of that floor. Thus, Bethlehem Steel had relinquished control of the floor to Fabricated Steel and no longer had any control over operations on that floor. We find this situation analogous to that of an owner delivering temporary possession of his land to an independent contractor. In such a case, the landowner owes no duty to the independent contractor or its employees "with respect to an obviously dangerous condition on that portion of the land in the possession of the contractor." *Hader v. Copley Cement Manufacturing Co.*, 410 Pa. 139, 151, 189 A.2d 271, 277 (1963). *See also Brletich v. United States Steel Corp.*, 445 Pa. 525, 531, 285 A.2d 133, 136 (1971); *Colloi v. Philadelphia Electric Co.*, 332 Pa.Superior Ct. 284, 292, 481 A.2d 616, 620 (1984). Here, the twelfth floor was in the possession of Fabricated Steel, and the open area over the elevator shaft was an obviously dangerous condition. Not only was extensive testimony adduced at trial illustrating that open elevator shafts are a widely recognized industry hazard, *see, e.g.*, N.T. June 26, 1984 at 93–94; N.T. July 12, 1984 at 80, but Weiser testified that he was aware of the opening and took pains to work carefully around it. *See* N.T. June 25, 1984 at 42. We therefore conclude that the duty of taking measures to ensure workers' safety near the open shaft on the twelfth floor had shifted from Bethlehem Steel to Fabricated Steel at the time of the accident.

Because Bethlehem Steel had no duty to cover the open elevator shaft on the twelfth floor, we hold that the lower court erred in finding that Bethlehem Steel was negligent and entering judgment for Weiser. Accordingly, we vacate the judgment for Weiser, reverse the order of the court below denying Bethlehem Steel's motion for judgment n.o.v., and enter judgment for Bethlehem Steel.

Judgment for appellee Weiser is vacated and judgment is entered for appellant Bethlehem Steel and against appellee Weiser on appeal No. 1008 PHL 85.

Appeals Nos. 1007 and 2067 PHL 85 are quashed.