REINKE, APPELLANT, *v.* LENCHITZ, APPELLEE.

(No. C-870450—Decided May 18, 1988.)

*Hermanies & Major* and *Anthony K. Castelli,* for appellant.

*White, Getgey & Meyer Co., L.P.A.,* and *Alvin E. White,* for appellee.

UTZ, J. The plaintiff-appellant, Janet L. Reinke, met the defendant-appellee, Bernard Lenchitz, in January 1984. The two began a relationship which lasted for approximately two weeks and included oral contact with the genitalia, but not sexual intercourse. Within a week of the termina-

tion of the relationship Reinke began to manifest the symptoms of herpes.

In January 1986, Reinke filed suit against Lenchitz in the court of common pleas. She alleged in her complaint that Lenchitz had negligently or wantonly transmitted a serious and permanent disease to her. In a deposition taken by counsel for Lenchitz, Reinke stated that before her sexual contact with Lenchitz, she had not had similar contact with anyone. The trial court granted Lenchitz's motion for summary judgment, and this timely appeal followed.

In her sole assignment of error, Reinke contends that the trial court erred in granting Lenchitz's motion for summary judgment. We find that the assignment of error is well-taken.

Although we have found no reported authority in this state directly addressing the issue, we are persuaded that Ohio should be counted among the various jurisdictions that have recognized in law a cause of action predicated upon the negligent or wanton transmission of a contagious disease such as herpes. A survey of the cases from other jurisdictions has revealed that to prevail in such an action, the plaintiff must show that the defendant knew or should have known, at the time of their sexual contact, that he was capable of transmitting the communicable disease. Annotation, Tortious Liability for Infliction of Veneral Disease (1985), 40 A.L.R. 4th 1089. The defendant's knowledge at the time of the sexual contact is a question of fact that must be determined by a trier of fact.

In this case, Reinke has asserted that certain statements made by Lenchitz imply that he knew, or suspected, that he transmitted herpes to Reinke. While the trial court was correct in finding that Reinke was unable to establish that Lenchitz has herpes, Lenchitz, himself a medical doctor,

drew a distinction between "having herpes" and being able to transmit herpes. An individual may be an asymptomatic carrier of herpes without ever manifesting the disease. If Lenchitz is such a carrier and knew or had reason to know at the time of his contact with Reinke that he was a carrier, Reinke may yet prevail on her claim. Whether Lenchitz knew before their sexual contact that he might transmit the disease to Reinke is a question of fact that is still in dispute. Therefore, the case was not ripe for the entry of summary judgment in the court below.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

HILDEBRANDT, P.J., and DOAN, J., concur.