## Smith v. Walker

*Ruby D. Weeks,* for plaintiff.
*Thomas A. Placey,* for defendant.

BAYLEY, *J.,* July 9, 1991—Plaintiff, Linda A. Smith, filed a complaint against defendant, John A. Walker, alleging that he infected her with condyloma, a sexually transmitted disease.[1] The complaint has counts in negligence, fraud and deceit, intentional infliction of emotional distress, and battery, and includes a claim for punitive damages. Defendant filed preliminary objections in the form of a demurrer to all counts, including the claim for

---

1. Condyloma is a wart-like growth near the anus or the genital organs. *Attorneys' Dictionary of Medicine,* C-249 (1990). It is the most common viral sexually transmitted disease.

punitive damages, and a motion to strike and for a more specific pleading.

For purposes of a demurrer, all facts alleged in the complaint are deemed admitted. *Firing v. Kephart,* 466 Pa. 560, 353 A.2d 833 (1976). Plaintiff alleges that she met defendant on June 24, 1988, and began dating him on July 1. They began having sexual relations on July 4, 1988, after defendant had represented to her that he had no sexually transmissible diseases. After about one month, plaintiff alleges she asked defendant about a small growth on his genitals. Defendant again assured her he was disease-free and thereafter, they regularly engaged in sexual intercourse without the use of prophylactics. On March 13, 1989, plaintiff was diagnosed with condyloma. She alleges that defendant then admitted to her that he was aware he had condyloma, from which she alleges she was infected.

Defendant maintains there is no legal duty under Pennsylvania law that would afford plaintiff an opportunity to recover. To recover in negligence requires the breach of a duty, causation, injury and actual damages. *Weiser v. Bethlehem Steel Corp.,* 353 Pa. Super. 10, 508 A.2d 1241 (1986). Many jurisdictions recognize a cause of action for negligence involving the transmission of a sexual disease. *B.N. v. K.E.,* 312 Md. 135, 538 A.2d 1175 (1989); *Reinke v. Lenshitz,* 42 Ohio App. 3d 163, 537 N.E.2d 709 (1988); *Maharan v. Maharan,* 510 N.Y. Supp. 2d 104, 123 A.D.2d 165 (1986). In *Billo v. Allegheny Steel Company,* 328 Pa. 97, 195 A. 110 (1937), the Supreme Court of Pennsylvania, in dicta, stated:

"If . . . a man contracted smallpox through another's negligence, he would have a right of action against a tort-feasor. To be *stricken with disease* through another's negligence is in legal contempla-

tion as it often is in the seriousness of consequences, no different from *being struck with an automobile through another's negligence.*" (emphasis in original)

We hold that if plaintiff proves the facts alleged in her complaint, the evidence would be sufficient for a jury to conclude that defendant was negligent in that he did not exercise the ordinary care which a reasonably prudent person would have exercised in the circumstances presented. Negligence is the failure to do something that a reasonably careful person would do, or the doing of something that a reasonably careful person would not do, in light of all of the surrounding circumstances established by the evidence. *Goldmas v. Acme Markets Inc.,* 393 Pa. Super. 245, 574 A.2d 100 (1990). We are further satisfied that plaintiff has adequately stated a claim for fraud and deceit, see *Dwyer v. Rothman,* 288 Pa. Super. 256, 431 A.2d 1035 (1981), and intentional infliction of emotional distress, see *Jones v. Nissenbaum, Rudolph & Seider,* 244 Pa. Super. 377, 368 A.2d 770 (1976). Therefore, we will dismiss the demurrer and plaintiff's related motion to strike.[2] We are unwilling to preliminarily dismiss plaintiff's claim for punitive damages. See *Martin v. Johns-Manville Corp.,* 508 Pa. 154, 494 A.2d 1088 (1985).

We are satisfied that plaintiff has not adequately pled special damages pursuant to Pennsylvania Rule of Civil Procedure 1019(f). Accordingly, the following order is entered.

## ORDER

And now, July 9, 1991, the preliminary objections of defendant to the complaint of plaintiff, in the form

---

2. Neither brief specifically addressed the cause of action defined as a battery.

of a demurrer and a motion to strike, are dismissed. Plaintiff shall, within 20 days of the date of this order, file a more specific pleading as to special damages.

