J-S47002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOSEPH CARL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LISA DOUGHERTY D/B/A/ FITZPATRICK LENTZ & BUBBA, P.C., EMIL KANTRA, II, ESQ. D/B/A/ FITZPATRICK LENTZ & BUBBA, P.C. AND FITZPATRICK LENTZ & BUBBA P.C. | |
| Appellee | No. 3464 EDA 2016 |

Appeal from the Order Entered October 19, 2016
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2015-C-0317

BEFORE:  LAZARUS, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:              **FILED SEPTEMBER 11, 2017**

Joseph Carl appeals from the order, entered in the Court of Common Pleas of Lehigh County, dismissing his legal malpractice action.  After careful review, we affirm.

Carl and his ex-wife, Rhonda L. Carl, married on November 27, 1999, separated on July 21, 2006, and divorced on July 17, 2008.  On July 19, 2006, Rhonda Carl filed a custody complaint seeking primary physical custody of her and Carl's four minor children.  On May 30, 2007, the trial court entered a final custody order; however, the parties continuously litigated the initial custody filing through numerous petitions for modification of custody and emergency relief.  On or about October 15, 2009, Carl

retained Fitzpatrick Lentz & Bubba, P.C. ("FL&B") to represent him in custody hearings and divorce proceedings in the Court of Common Pleas of Lehigh County. Lisa Dougherty, Esquire, and Emil Kantra, Esquire, of FL&B represented Carl during the course of the custody action.

On January 22, 2013, Rhonda Carl filed a petition for protection from abuse ("PFA") against Carl's father, William G. Carl, who is the children's paternal grandfather, on behalf of one of the minor children. Rhonda Carl alleged William Carl physically abused one of the children. The trial court entered an emergency PFA order on January 22, 2013. On January 29, 2013, the trial court held a final PFA hearing. Carl was not a named party to the PFA action, nor was he the target of the PFA petition; however, Carl testified as a defense witness for William Carl.[1] Attorney Kantra was present on Carl's behalf during the January 29, 2013 hearing. Attorney Kantra informed Carl that he did not need representation and that he did not have standing at the hearing. At the close of the hearing, a final PFA order was entered against William Carl; the order also granted Rhonda Carl temporary physical custody of the minor children. On January 30, 2013, Rhonda Carl filed a petition for modification of custody. An emergency custody hearing was held on February 15, 2013. On February 18, 2013, the trial court

---

[1] Carl maintains that Rhonda Carl's allegations were baseless, and that Child and Youth Services, the Catasauqua Police and the Lehigh County District Attorney's Office absolved him and his father of wrongdoing. Brief of Appellant, at 10.

entered an order modifying, in part, the custody language from the January 29, 2013 PFA order. The trial court awarded the parties shared legal custody, and Carl received partial physical custody.

A full custody trial was held on March 14, 2013 and April 2, 2013 on Rhonda Carl's motion for modification of custody and primary physical custody of the children. On April 2, 2013, the trial court granted Rhonda Carl's motion and awarded her sole legal custody and primary physical custody of the children.[2] Carl appealed, and this Court reversed the trial court's order based on a procedural technicality. *See Carl v. Carl*, 1333 EDA 2013, at 9-11 (Pa. Super. filed December 19, 2013) (unpublished memorandum). On February 26, 2014, following remand, the trial court awarded Rhonda Carl legal and primary physical custody of the children. Carl timely appealed, and this Court affirmed. *Carl v. Carl*, 820 EDA 2014 (Pa. Super. filed September 25, 2014) (unpublished memorandum).

Instantly, Carl alleges that FL&B breached its duty of care by failing to provide appropriate legal advice and assistance, which he avers led to improper modification of the child custody arrangement. Carl initiated the instant legal malpractice action by filing a praecipe for writ of summons on or about January 30, 2015 in the Philadelphia Court of Common Pleas. On

---

[2] Thereafter, Attorney Dougherty withdrew her appearance of Carl on June 4, 2013, and Attorney Kantra withdrew his appearance of Carl on December 3, 2013, thus, ceasing FL&B's representation of Carl.

or about June 17, 2015, Carl filed a complaint ("Complaint 1") in Lehigh County. On February 15, 2016, defendant Lisa Dougherty, et al. ("Dougherty") filed preliminary objections to Complaint 1. In response, Carl filed an amended complaint ("Complaint 2") on February 22, 2016. On March 4, 2016, Dougherty again filed preliminary objections to Complaint 2. On March 31, 2016, Carl filed a second amended complaint ("Complaint 3"). Dougherty again filed preliminary objections, and on June 9, 2016, Carl filed preliminary objections to Dougherty's preliminary objections to Complaint 3. In an order dated July 15, 2016, the trial court overruled Carl's preliminary objections.[3] Carl filed an answer to Dougherty's preliminary objections to Complaint 3 on August 4, 2016. On September 22, 2016, the trial court entered an order sustaining Dougherty's preliminary objections and striking Complaint 3 without prejudice.[4] The trial court granted Carl leave to file a third amended complaint within twenty days. On or about October 19, 2016, Carl's counsel notified the trial court that Carl would not file a third amended complaint. After indicating Carl's intent to rest on Complaint 3,

---

[3] Carl appealed the trial court's July 15, 2016 order overruling Carl's preliminary objections; however, this Court quashed Carl's appeal as duplicative and unnecessary. **See Weiser v. Bethlehem Steel Corp.**, 508 A.2d 1241 (Pa. Super. 1986) (duplicative appeal quashed as superfluous).

[4] Carl appealed the trial court's July 15, 2016 order sustaining Dougherty's preliminary objections and striking Complaint 3 without prejudice; however, this Court quashed Carl's appeal as duplicative and unnecessary. **See Weiser**, **supra**.

which the trial court struck in its previous order, Carl's counsel requested that the matter be dismissed with prejudice. The trial court granted Carl's request, and on October 19, 2016, dismissed the instant matter with prejudice for failure to timely file a third amended complaint.

Carl timely appealed, and on November 15, 2016, he filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Carl raises the following issue for our review:

> Did the trial court commit an error of law in overruling [Carl's] preliminary objections to [Dougherty's] preliminary objections thereby allowing [Dougherty's] preliminary objections to be impermissibly amplified by extra-pleading inadmissible content?

Brief of Appellant, at 9.

Carl claims that the trial court erred in sustaining Dougherty's preliminary objections, insofar as Dougherty's pleadings included extra-complaint and otherwise inadmissible documentation from which the trial court formed adverse inferences against Carl. Specifically, Carl avers the uncontested incorporation of PFA testimony in Dougherty's preliminary objection pleadings constituted legal error. Carl's argument is without avail.

The sufficiency of a complaint that refers to a separate and distinct proceeding is determined by consideration of all relevant matters therein set forth. *See Gulentz v. Schanno Transportation, Inc.*, 513 A.2d 440, 443 (Pa. Super. 1986) (citing *Castle View Burial Park v. Bell Telephone Co.*, 80 A.2d 699, 701 (Pa. 1951)). The court, in ruling on a demurrer, may not consider factual matters not disclosed in the record and/or take judicial

notice of a record of another case, if not pleaded. **See Chorba v. Davlisa Enterprises, Inc.**, 450 A.2d 36, 38 (Pa. Super. 1982). However, "[a]ny part of a pleading may be incorporated by reference in another part of the same pleading or in another pleading in the same action." Pa.R.C.P. 1019(g). Additionally, "***[a] party may incorporate by reference any matter of record in any State or Federal court of record whose records are within the county in which the action is pending***, or any matter which is recorded or transcribed verbatim in the office of the prothonotary, clerk of any court of record, recorder of deeds or register of wills of such county." **Id.** (emphasis added). Further, a preliminary objection and any response thereto are pleadings. Pa.R.C.P. 1017(a)(4).

The gravamen of Carl's legal malpractice complaints is that during the January 29, 2013 PFA Hearing, Attorney Kantra, acting on behalf of Carl, failed to challenge or rebut Rhonda Carl's allegations that William Carl abused their minor children; Carl avers this irreparably tainted the trial court's subsequent decisions. While the facts forming the allegations against William Carl may have had an effect on the trial court's custody order, that alone does not implicate a malpractice action by Carl against Dougherty. Stated another way, the facts do not form the basis of a legal malpractice claim and the trial court so found. Thus, Dougherty predicated its demurrer on the facts and circumstances underlying the PFA and custody actions Carl identified in his three legal malpractice complaints. As such, it was necessary for the trial court to review the material facts of those cases,

***Gulentz***, ***supra***, including the PFA hearing notes of testimony, among other documents, which Dougherty included in its various preliminary objection pleadings. Moreover, the documentation Dougherty appended to its preliminary objection pleadings, Pa.R.C.P. 1017(a)(4), are matters of public record in the Lehigh County Court of Common Pleas, and may be incorporated by reference into any pleading in this particular action. ***See*** Pa.R.C.P. 1019(g). Therefore, the trial court acted appropriately in reviewing and considering the PFA hearing notes of testimony and accompanying documentation Dougherty incorporated in its preliminary objection pleadings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2017